## MERSHON ET AL. v. HOBENSACK.

1. It is no ground of error that, on the trial, the court permits a leading question to be put to a witness, by the party calling him.

2. Every person who undertakes to carry, for compensation, the goods of all persons, indifferently, is a *common carrier*.

3. A judgment will not be reversed because the court improperly refused to nonsuit, if the evidence subsequently adduced in the course of the trial is sufficient to sustain the plaintiff's case.

4. Persons giving out themselves as partners, will be held liable as such, although they really are not.

5. The non-joinder of defendants can be taken advantage of only by plea in abatement.

6. Common carriers, where there is no special contract, are in the nature of insurers, and liable for the safe delivery of the goods taken by them, unless prevented by the act of God or the public enemy. It is no excuse that they were guilty of no negligence.

Error to Mercer Circuit Court.

This was an action of assumpsit, by Joseph Hobensack against Abner and Thomas Mershon, to recover the value of goods alleged to have been received by the defendants below, as common carriers between Philadelphia and Trenton, and lost upon the transit. The vessel upon which the goods were placed was sunk in the Delaware, upon the passage, by coming in collision with a steamer.

The declaration contained four counts.

The 1st count charges, that defendants, at the time of the delivery of the goods and chattels to them, were common carriers between Philadelphia and Trenton, and then, and still are *partners* in said business, and that while they were such, *to wit*, on the first of February, 1848, the plaintiff delivered to them, and they accepted, certain goods (setting them out), to be safely and securely carried from Philadelphia to South Trenton, and, in consideration of a certain reward to the said defendants in that behalf, they being such carriers, undertook to carry and convey them safely ; but, notwithstanding their promise, they so *carelessly and negligently* behaved and conducted themselves, that, by and through the mere negligence and improper conduct of the said defendants and their servants, the said goods were wholly lost.

2d count. That in consideration that the plaintiff, at the special instance and request of the said defendants, had then and there caused to be delivered to the said defendants divers other goods, to be taken care of and safely and securely carried and conveyed by said defendants, in and on board of a certain vessel, from the city of Philadelphia to South Trenton aforesaid, and then and there to be securely delivered for the said plaintiff for certain freight and reward to the defendants in that behalf, they, the said defendants undertook and faithfully promised the said plaintiff to take proper care of the said last mentioned goods and chattels, and, although the defend-

ants had received the said last mentioned goods for the purpose aforesaid, yet the said defendants, not regarding their duty in that behalf, nor their last mentioned promise and undertaking, took so *little and bad care* of them, that, by and through the mere *carelessness and negligence* of the said defendants, the said last mentioned goods and chattels were wholly lost.

3d count. That in consideration that the said defendants, at their special instance and request, then had the care and custody of divers goods and chattels of said plaintiff, they, the said defendants, then and there faithfully promised the said plaintiff to take due and proper care thereof, while the said defendants so had the care and custody of the same; yet the said defendants, not regarding their promise, but intending to injure and defraud the plaintiff in this behalf, while the said defendants had the care and custody of said goods, took so little and such *bad and improper care* thereof, that the same afterwards were greatly damaged and wholly lost.

4th count. For goods sold and delivered, money had and received, &c.

Plea not guilty.

Several bills of exceptions were sealed in the progress of the trial, the grounds of which will sufficiently appear in the opinion delivered. The cause was argued before the CHIEF JUSTICE and CARPENTER, J.

*W. Halsted*, for plaintiff in error.

The question, "whether, in the whole conversation, the defendants did not speak of the loss as a joint loss," the object being to prove a partnership, was too leading. It plainly suggested the answer which the party wished to get from the witness. 4 *Wend.* 247; *Phil. Ev.* 270; 2 *Greenl. Ev.* § 434. [The court inquired if there was any authority to show that such error could be remedied in this mode, and subsequently stopped the opposite counsel on this point.]

There ought to have been a nonsuit. When the plaintiff rested, we submit that there was no proof of partnership between the father and son, as common carriers. A share of

freight, by way of compensation for his service as captain, did not constitute the son a partner with the father, who was the owner of the boat. 1 *Campb.* 329; *Ib.* 331, note; 3 *Pick.* 435; *Collyer on Partn.* 15, et seq.

But, the nonsuit refused, we showed that Thomas Mershon was not even the captain of the boat, being only in charge during that trip. The evidence of one witness fully repelled the idea of an actual partnership between Abner and Thomas. To rebut this evidence, the plaintiff offered receipts, proved to have been given in some instances by Abner, and in others by Thomas Mershon, signed " Abner Mershon & Sons," which were objected to, because they went to show a partnership between the father and two or more of his sons. In an action against two or three partners, it is true the defendants may not defeat the action by proof that all the partners have not been sued: the defence must be raised by plea in abatement. 2 *John. Cas.* 382. But here the evidence was offered by the plaintiff himself, who must prove his case as he laid it. 2 *John.* 213, 219; 3 *T. R.* 363; 4 *Cow. Phil. Ev.*, note 370, p. 230; 2 *Stark. Ev.* 804, *Tit.* " *Partners,*" note; 1 *Doug.* 371; 7 *B. & C.* 409; 1 *Stark. R.* 272; 3 *Wend.* 161; 2 *Show.* 478; 1 *Ld. Ray.* 29, 101; *Rosc. Ev.* 278; 1 *Chit. Pl.* 4, 5, 6, &c.

The second and third counts do not allege the defendants to be common carriers, and upon these counts they are not liable upon the custom of the realm, but upon their undertaking only. They are not liable upon these counts for loss occurring by inevitable accident. Negligence is averred, and must be proved. But even if negligence may be presumed, it was competent for the defendants to show that the loss occurred by inevitable accident, and that there was no want of due care. This defendants offered to prove, but the evidence was overruled. 2 *Ld. Raym.* 909; 1 *Wend.* 272; 6 *Taunt.* 577; 12 *John.* 232; 12 *S. & R.* 232; 3 *Bing.* 319; 4 *C. & P.* 106; *Jones on Bailment (by Halsted)* 108, note; *Ib.* 118.

In case of collision, liability depends upon care, and if it could not be avoided, it is a peril of the sea. 3 *Esp. R.* 67; 4 *Taunt.* 126. The strictness of the common law may be admitted, but the question of negligence was put in issue by the form of the pleadings.

Mershon et al. v. Hobensack.

*Beasley* and *Vroom*, contra.

The defendants below were not entitled to offer evidence that there had been no negligence. This is said to have been offered under the second and third counts, upon the supposition of the other side as to the effect of the pleadings. A *prima facie* case had been made under the first count, to which the evidence offered was no answer. Upon that count, certainly, the question of negligence was not in issue.

But, in truth, we look upon the pleadings differently. The defendants might be treated as common carriers under either of the special counts, and negligence was not in issue upon the evidence of the plaintiff under either count. Negligence is always averred in assumpsit against common carriers, being an inference of law, and, unless in two excepted cases, is proved by evidence of the peculiar character. In order to charge defendants as common carriers, it is not necessary to aver them to be such. *Dale* v. *Hall*, 1 *Wils.* 281.

As to responsibility of common carriers, see 1 *Wend.* 190; 2 *Kent* 597, (5th ed.); 1 *Smith's L. Cas.* 158.

2. The defendants were shown to have held themselves out to the public as partners, and it is of little consequence whether they were such in fact. 2 *Greenl. Ev.* § 483; *Story on Partnership*, § 64 *and cases*.

3. The defendants had signed receipts in different ways, and the receipts were competent to show, that as part of the proof of partnership as against them. The case falls within the rule, that if there is another partner not joined as defendant, it can be taken advantage of only by plea in abatement. 1 *Smith's L. Cases* 287; 5 *Burr.* 2611.

CARPENTER, J., delivered the opinion of the court.

At the trial in the court below various bills of exception were sealed, upon objections to the ruling of the judge, upon which error has been assigned in this court. The first bill was upon the exception taken because the judge refused to overrule a question objected to as too leading, and which was said to suggest the answer desired or expected. If the objection was well taken, as to which it is not intended to express

any opinion, yet the error cannot be remedied in this mode. The form of a question rests very much in the discretion of the judge, and if that discretion is improperly exercised, redress can only be obtained by application to the court for a new trial. It is not the subject of an assignment of error. It was so held in *Chambers* v. *Hunt,* lately decided in the Court of Errors.

The refusal to nonsuit formed the ground of the second bill of exceptions. The action is assumpsit, and the first count alleges the defendants to have been, at the time of the delivery of the goods, common carriers between Philadelphia and Trenton, and partners in said business. The goods lost, and for which the action was brought, were proved to have been purchased by the plaintiff below in Philadelphia, and delivered to Captain Mershon, one of the defendants, on board the Trenton Packet "Two Sisters," in order to be carried to Trenton. There was no question as to the fact of the vessel being engaged in the freighting business generally, and that those for whose benefit she was run came within the definition of common carriers, and were subject to the liabilities incident to that character. Every person who undertakes to carry, for a compensation, the goods of all persons indifferently, is, as to the liability, to be considered a common carrier. Evidence was given by the plaintiff to prove that the defendants were partners, and that they employed the said vessel in the freighting business between the two places. The joint liability rested upon this evidence, no proof of any special contract being made on the trial. The goods were delivered generally to be carried to their place of destination. When the plaintiff rested, the counsel of the defendants moved to nonsuit, because, as alleged, there was no sufficient evidence of the partnership. But even if the judge erred, which it is not intended to intimate, yet this court will not reverse, if sufficient evidence of the partnership was subsequently given. Passing by the argument of the counsel on this point, we will then simply inquire as to the proof of partnership appearing in the whole case, and which has been brought before us by bills of exception, afterwards sealed in the progress of the trial.

The court having refused to nonsuit, the defendant produced and examined a witness, who stated that the vessel in question, as well as another engaged in the same business, was owned by Abner Mershon alone; that another son of the said Abner was the captain of the boat, who received a share of the gross earnings or freight, by way of compensation for his services; and further, that Thomas was not the captain of that boat, but only accidentally in charge of her during the trip. But in the evidence offered by the plaintiff, he did not rely merely on proof of an actual partnership of the defendants as common carriers. The case made by the plaintiff was, that the defendants held themselves out to the public as partners, and were chargeable as such, to third persons, who gave them credit accordingly. If such case was supported by sufficient evidence, it was all that was necessary. They will be held responsible, not upon the ground of the real relation between them, but upon principles of general policy, to prevent the frauds to which third persons would be liable who might give credit upon the faith of such supposed connection. The doctrine is too obvious and too well established to need the citation of authority.

The evidence showed that divers individuals, about the time when this controversy occurred, had had dealings with the defendants, as freighters on the Delaware, and settled with them indiscriminately; that they were regarded by these persons and others as partners; that on payment of freight by these persons, and on other occasions, each, at different times, gave receipts; that the receipts given by them were signed "Abner Mershon & Son," or "Abner Mershon & Sons," and sometimes "Abner & Thomas Mershon." Thomas Mershon, as well as his father, was proved to have given such receipts, and to have spoken of the business in terms which implied that he was jointly concerned with his father. Thomas Mershon was not only proved to have given receipts, but to have kept the accounts, and taken a leading part in the transaction of the business connected with the boats. Both the defendants, at different times, spoke of the loss from the accident, which gave rise to this action, as one in which they were jointly con-

cerned. It will not be attempted to recapitulate the testimony in detail, and it will be sufficient in general to say, that much evidence of this character was produced to show that the defendants held themselves out to the public as partners, were so reputed, and were dealt with accordingly. Enough was shown to warrant the judge in submitting the question to the jury. We must suppose it was fairly submitted upon proper instructions, as no exception was taken to the ruling of the judge.

In the progress of the trial, the plaintiff offered to read in evidence certain receipts, some proved to have been signed by Thomas Mershon, and others by Abner Mershon, for the purpose of establishing a partnership between them. The receipts now referred to were signed " A. Mershon & Sons." The admission of these receipts was objected to, and, the objection being overruled, another bill was sealed.

It was said that the receipts so offered went to show, not a partnership between the defendants merely, but between Abner and two or more of his sons. Admitting that the defendants, in a suit against two partners, cannot on the trial turn the plaintiff out of court by proof of another partner, against whom the action ought also to have been brought, but that advantage of the omission can only be taken by plea in abatement, the objection was, that the plaintiff, in his evidence, must be confined to the case as he has laid it. That, in order to prove a partnership against two, he cannot be permitted to prove a partnership between three persons.

The rule in regard to non-joinder is well settled, and has not been questioned since the case of *Rice* v. *Shute*, 5 *Burr.* 2611. It is essential in an action against partners, and so against other joint contractors in an action *ex contractu*, that the evidence of the joint liability should extend to all the defendants, otherwise the plaintiff must be nonsuited. But if all the partners are not made defendants the case stands on a different footing. If the defendant would take advantage of the non-joinder, he must do it at the proper time by a plea in abatement. By forcing defendants to plead this in abatement, or waive it entirely, they cannot turn the plaintiff round more

than once, by setting up fresh partners upon every new action. They must plead the whole truth of the case, and give the plaintiff a better writ. It seems to be immaterial how the fact of non-joinder is presented. Although it should appear, on the evidence produced on the part of the plaintiff, as by the bond or other written contract, that other persons are liable as joint contractors with the defendant, this is not a material variance, and the plaintiff will be entitled to recover. The only point in *Rice* v. *Shute* and other subsequent cases is, that a contract alleged to have been made by a sole defendant might be supported by a proof of a joint contract made by him and others. The court would not permit the objection to be raised at the trial to the variance between the case made by the plaintiff and his proof. It has even been held, that in debt on judgment against one, and *nul tiel record* pleaded, it could not be objected as variance that the judgment was in fact against the defendant and others, but that the objection in such case must also be taken by plea in abatement. *Cocks* v. *Brewer*, 11 *M. & W.* 51. See also *Mount Stephen* v. *Brooke*, 1 *B. & Ald.* 224; 2 *Phil. Ev.* 132; 1 *Wms. Saund.* 291, *note* 4.

*Lastly.* On the trial, the defendants offered to prove that there had been no mismanagement or want of care on the part of those having charge of the vessel at the time the accident happened by which the goods were lost; that they did all that careful men could do to avoid collision with the steamer, but that the accident was inevitable. This evidence was overruled, and the defendants again excepted.

Common carriers are in the nature of insurers, and the causes which will excuse them for the non-delivery of goods committed to their charge must be events falling within the meaning of the expression, act of God or public enemies; or they must arise upon some event provided for by the contract between the parties, as by exceptions in the receipt, bill of lading, or other instrument employed in the transaction. 3 *Kent* 216; 2 *Ib.* 598. In this case the goods were not receipted for, there was no bill of lading or other instrument of contract, and the liability of the defendants, therefore, depends upon general principles, and not upon the meaning of any

Mershon et al. v. Hobensack.

particular words of exception. There was no pretence to say that the accident in this case happened by the act of God, the disclaimer being simply, that it did not happen through the negligence of those having charge of the boat of the defendants. It would seem as if it was imputed to the want of due care by those on board the steamer, as the defendants, in a conversation with a witness, expressed their intention to apply to the railroad company, to whom the steamer belonged, for redress. As between the carriers and the owners of goods, the negligence or misconduct of a third person will not excuse the former, since a remedy lies over against the party so offending. A collision which may accrue through natural causes alone, as by the violence of the wind, may be called the act of God, and excuse ; but when it occurs through the negligence of either party, it can by no sound reasoning be brought within the meaning of that expression. The one implies a natural necessity, and that the accident was inevitable, the other relates to human action merely. If negligence was imputable to either party, the defendants are not excused. Now the offer was to prove due care on the part of the defendants, not to show that the collision was the result of natural causes beyond the reach or control of skill and care on the part of those having charge of both vessels. The offer did not go far enough to form any defence.

But if the strict rule as to common carriers were admitted, and that under the general doctrine this might form no defence, yet it was urged that this evidence was admissible under the second and third counts, under which, it was said, the defendants were charged upon their special undertaking. It was said, that in these counts the declaration not being upon the common law liability as common carriers, but upon their special undertaking, in which negligence was charged in the breach, negligence was put in issue.

It is not clear that the counsel of the defendants is right as to the necessity and effect of an averment of the employment of the defendants upon which the duty arises. In suits against common carriers the plaintiff may declare in case or assumpsit at his election, the former mode being sometimes

advisable in order to avoid the very difficulty which has been so much pressed in this case. When the plaintiff proceeds in case for breach of the duty to which the defendants may be subject in respect of their employment as common carriers, it seems necessary to state the character from which the duty arises. 1 *Chit. Pl.* 334 (*Phil. ed.* 1828); 2 *Ib.* 357, *note; Pozzi* v. *Skipton*, 8 *Ad. & Ell.* 963. In assumpsit, however, it has been held that it is not necessary to commence with an inducement of the defendants being common carriers. It seems to be supposed that it will suffice if the declaration merely states the delivery, &c., and the undertaking to carry accordingly. In *Dale* v. *Hall*, 1 *Wils.* 281, upon this every objection, there being no averment that the defendant was a common carrier, it was held that it might be proved that he was a common carrier, and that, under such declaration, he was answerable for all goods delivered to his care, unless within the two excepted cases. It was held that direct proof of negligence was not necessary to charge him, nor would the disproof of negligence relieve him from his liability. See 2 *Chit. Pl.* 357, *note; Bac. Abr., Tit. "Carriers"* a, &c. The case has been questioned, as to the form of the pleadings, by a late eminent jurist, but no direct authority has been produced to the contrary. The cases cited by the author referred to are rather as to the character of the evidence necessary to support the action, than upon the application of the evidence to the pleadings. See *Story on Bailments*, § 504.

But assuming, as urged, that the plaintiff could not proceed upon the second and third counts upon the mere proof of the public employment of the defendants, but that a special undertaking must have been shown, yet the evidence was still incompetent. In the first count, the defendants were charged as common carriers; proof of that character, and of delivery and reception of the goods, had been given to the satisfaction of the jury, and upon this the law raised the duty to deliver them at the point of destination. The plaintiff had proved his case upon the first count, and it can be no defence to such a case to offer evidence against a supposed case on other counts of the same declaration, upon which the plaintiff has not pro-

ceeded. The evidence offered was no answer to the case made by the plaintiff upon the first count, and, as to the second and third counts, it was entirely immaterial.

Judgment affirmed.

AFFIRMED, 3 *Zab.* 580
CITED *in N. B. Steamboat Co.* v. *Tiers*, 4 *Zab.* 713.