### DETERMINED IN THE

# COURT OF ERRORS AND APPEALS

#### OF THE

## STATE OF NEW-JERSEY,

### AT JANUARY TERM, 1851.

---

### MERSHON ET AL v. HOBENSACK.

---

1. The non-joinder of defendants is not a ground for nonsuit; it can be taken advantage of only by plea in abatement.

2. Every one undertaking to carry for reward all goods that offer is a common carrier; and common carriers, where there is no special contract, are insurers, and cannot be exonerated from loss by showing that there was no negligence.

3. A judgment will not be reversed on error, because the court improperly refused to nonsuit, if, on the trial, evidence subsequently adduced is sufficient to maintain the plaintiff's case.

---

This case was brought up from the Supreme Court by writ of error. The pleadings and state of the case are given in the report of the case in the Supreme Court. (*Ante, vol.* 2, *p.* 372.)

*W. Halsted,* for plaintiffs in error, *Vroom* and *Beasley,* for defendant in error.

The only opinion delivered was the dissenting opinion of the Chancellor. The other members of the court were understood as concurring with the opinion of the Supreme Court, delivered by Justice CARPENTER. (*Vol.* 2, *p.* 376.)

THE PRESIDENT. When the plaintiff rested on the trial at the circuit, a nonsuit was moved, on the ground that no proof had been made that Thomas P. Mershon was a partner.

If two are sued, and the proof is that they two, with another, contracted with the plaintiff, the plaintiff cannot be nonsuited ; for the reason that the proof shows that the two who are sued did contract; it is only a non-joinder, and it must be pleaded in abatement.

But if two are sued together, and there is no proof except against one, the plaintiff must be nonsuited ; for the reason that proving that one contracted, does not prove that two did : it is a mis-joinder.

It is said, that in the progress of the cause, after the motion to non-suit was denied, sufficient evidence was given to show the fact that Thomas was a partner. How is this court to learn the sufficiency of this evidence to establish the fact ? We cannot find a fact, nor declare on what evidence a jury would find a fact. Error cannot be cured by the conjecture of the court, sitting in error, that a jury would have found a fact upon particular testimony.

The denial of the motion to nonsuit informed the jury that the judge thought the evidence therein was sufficient to put the question of partnership before the jury. The judge refused to say there was no evidence of partnership therein. We cannot say, that if the judge had told the plaintiff and the jury that the evidence therein was not sufficient to put the question of partnership before the jury, and the plaintiff had then been permitted to introduce the evidence subsequently given, the jury would have found the fact of partnership, either on such subsequent evidence alone, or on that in connection with the evidence first offered.

This assignment of error, therefore, requires an answer to the question, whether, when the motion to nonsuit was made, there was any evidence on which the jury could properly find that Thomas was a partner. I am not prepared to say there was not, as the case then stood unexplained by any evidence on the part of the defendants. I should not be willing to reverse on this assignment of error.

Mershon et al. v. Hobensack.

Another error assigned is, that the judge at the circuit refused to admit evidence to show that no negligence was imputable to the defendants.

The two last counts in the declaration are in *tort*, and not against the defendants as common carriers. The plaintiff put his case to the jury on all the counts. How was it to be known that the jury would find on the first count? And how does it appear that they did find on the first count? When a plaintiff puts his case to the jury on all the counts in his declaration, and thus asks a verdict on each of the counts, it seems clear to me that any evidence offered by the defendant which is proper under either of the counts is admissible.

From aught we can know from the record in this case, the jury found on the last two counts, or one of them, and assessed the damages on the presumption of negligence in the defendants, which would in some degree arise from the fact of loss. Proof that the defendants were in no fault whatever might have reduced the amount of the verdict.

I cannot concur in affirming the judgment.

*For affirmance*—Judges NEVIUS, PORTER, SCHENCK, RISLEY, McCARTER, SPEER, and SHINN—7.

*For reversal*—The CHANCELLOR—1.

Judgment affirmed.