JACKSON ARCHITECTURAL IRON WORKS, Respondent, v. HENRY A. HURLBUT, JR., et al., Appellants.

1. COMMON CARRIER — DEFINITION OF TERM. A common carrier is one who, by virtue of his calling, undertakes, for compensation, to transport personal property from one place to another for all such as may choose to employ him; and every one who undertakes to carry for compensation the goods of all persons indifferently is, as to liability, to be deemed a common carrier.

2. TRUCKMAN AS CARRIER. Persons who advertise themselves as general truckmen, and whose particular specialty is the moving of heavy machinery, for which purpose they keep a large number of trucks and horses, and the necessary help, are not to be deemed carriers for hire and not common carriers, because they have no regular tariff of charges for their work, but do it for a special price fixed by agreement.

3. NEGLIGENCE OF TRUCKMAN. In an action to recover from truckmen damages for their negligent failure to safely unload and deliver at its destination a heavy machine which they had been employed to transport, the refusal of the court to charge that the defendants were not common carriers in the transaction is not prejudicial, where the case was tried and submitted to the jury upon the theory of the defendants' liability for negligence in unloading the machine and not that of liability as insurers of the safety of the property.

4. DAMAGES — REPAIRS TO MACHINE INJURED THROUGH NEGLIGENCE. The duly proved expense of restoring to a condition for use a machine which cannot be readily obtained in the market is a proper element of damages for its negligent injury ; and when the verdict is for a less amount than that item, the fact that other items were also admitted in evidence upon the question of damages is immaterial.

5. COST OF FILLING MANUFACTURING CONTRACTS. It seems, that the cost of procuring necessary work to be done outside of his own factory to enable a manufacturer to fill his contracts, resulting from his inability to use a machine which had been injured through the negligence of another, constitutes a proper element of damages.

Jackson A. I. Works v. Hurlburt, 15 Misc. Rep. 93, affirmed.

(Argued December 12, 1898; decided January 10, 1899.)

APPEAL from a judgment of the General Term of the late Court of Common Pleas for the city and county of New York, entered December 27, 1895, affirming a judgment in favor of plaintiff entered upon a verdict, and an order denying a motion for a new trial.

This action was brought to recover damages for the breaking of a planing machine belonging to the plaintiff, while in the custody of defendants, who were truckmen in the city of New York, for transportation to the plaintiff's factory.

The facts, so far as material, are stated in the opinion.

*Charles A. Collin* for appellants.   The contract by virtue of which the defendants undertook the job did not subject the defendants in the work of unloading the machine to the insurance liability of common carriers; and even if the original contract did subject them to such liability, they were relieved therefrom by the interference of the plaintiff in directing and assisting in the work of unloading. (*Pike* v. *Nash*, 1 Keyes, 335; *Wyckoff* v. *Q. C. F. Co.*, 52 N. Y. 32; *Tower* v. *U., etc., R. R. Co.*, 7 Hill, 47; *Miltimore* v. *R. R. Co.*, 37 Wis. 190; *Roderick* v. *R. R. Co.*, 7 W. Va. 54; *Hutchinson* v. *R. R. Co.*, 37 Minn. 524; *Wilson* v. *Hamilton Co.*, 4 Ohio St. 722; *White* v. *Winnesmet Co.*, 7 Cush. 155; Hutchinson on Carriers [2d ed.], § 216; Hale on Bailm. & Car. 367; Pars. on Cont. [8th ed.] 4, 175; *Allen* v. *Sackrider*, 37 N. Y. 341; *Varble* v. *Bigley*, 14 Ky. 698.)   The trial court erred in denying defendants' motion for a new trial upon the grounds that the verdict was against the weight of evidence, contrary to the evidence and contrary to law. (*Ludeman* v. *T. A. R. R. Co.*, 30 App. Div. 520.)   The trial court erred in admitting evidence, under defendants' objections and exceptions, of loss of profits from inability to use the machine, notwithstanding the express and positive evidence that the defendants were in no way notified of the purposes for which the plaintiff proposed to use the machine, or of the existence of any contracts for work in which the plaintiff expected to use the machine. (*King* v. *Sherwood*, 22 App. Div. 548; *Witherbee* v. *Meyer*, 155 N. Y. 446; *S. R. Co.* v. *P. R. R. Co.*, 169 Mass. 326; Schouler on Bailm. & Car. §§ 582, 583; Suth. on Dam. § 918.)

*Jesse Grant Rowe* for respondent.   While it is immaterial, in order to support this judgment, whether defendants in this

case, as to their liability, were common carriers or not, yet, as a matter of fact, they were such, and the jury were justified in so finding on the facts, which finding the General Term has affirmed. (Schouler on Bailm. & Car. [2d ed.] 351; *Bank of Orange* v. *Brown*, 3 Wend. 158; Story on Bailm. §§ 495, 496; *Ingate* v. *Christie*, 3 C. & K. 61; *L. A. Co.* v. *Johnson*, L. R. [7 Exch.] 267; Angell on Carriers, 870, 871; *Chevalier* v. *Strahan*, 2 Tex. 115; *Dwight* v. *Brewster*, 1 Pick. 50; *Gesburn* v. *Hurst*, 1 Salk. 249; *Allen* v. *Sackrider*, 37 N. Y. 341; *McHenry* v. *R. R. Co.*, 4 Dana, 448.)

O'BRIEN, J.   The question in this case involved the responsibility of the defendants for an injury to property while it was in their custody as bailees for hire or reward. They were employed by the plaintiff in February, 1892, to transport a large planing machine, used for planing iron, over thirty feet long and weighing over ten tons, from the foot of Twenty-third street on the North river to the plaintiff's factory at East Twenty-eighth street in the city of New York. The agreed compensation for the service was sixty dollars. They undertook to perform the work, and while unloading the machine at the factory it was broken and seriously damaged, and hence it is alleged that they failed to perform the service which they undertook to perform, since they did not deliver the property according to the duty imposed upon them by law. The plaintiff recovered a verdict of five hundred dollars as damages for the injury to the machine and for the loss of the use of it while it was being repaired, and the judgment entered on the verdict has been affirmed at the General Term.

  The principal question discussed in the case concerns the duty or obligation which the law imposes upon the defendants when they undertook to perform the service. The learned counsel for the defendants contends that their responsibility was not that of a common carrier, and that they were not subject to the strict liability which is an incident of that relation. In other words, that they were not insurers for the safe delivery of the machine as a common carrier is for the delivery

of the goods or property which he undertakes to carry and deliver. At the trial the court was requested in behalf of the defendants to instruct the jury that they were in this transaction carriers for hire and not common carriers. This request was refused and an exception taken. It will be seen hereafter that it is not very important to determine whether the defendants were common carriers, or merely engaged under a contract with the plaintiff to transport the machine for a stipulated compensation. The question with respect to the true legal relation in which the defendants stood to the plaintiff, whether a common carrier or something else, is an abstract one. But since the defendants complain of the refusal of the learned trial judge to give to the jury the instruction requested, and insist that this error, if it be one, may have prejudiced the defendants on the whole case, it may be proper to examine it briefly in order to see how much of substance there is in the exception. The defendants advertised themselves as general truckmen, their particular specialty being the moving of heavy machinery. They kept and maintained for this purpose a large number of trucks and horses, and the necessary help for the prosecution of this business. On this state of facts there was no legal error in the refusal of the learned trial judge to instruct the jury that the defendants were not common carriers.

Truckmen, wagoners, cartmen and porters who undertake to carry goods for hire as a common employment in a city or from one town to another, are common carriers. It is not necessary that the exclusive business of the parties shall be carrying. Where a person whose principal pursuit is farming solicits goods to be carried to the market town in his wagon on certain occasions, he makes himself a common carrier for those who employ him. The circumstance that the defendants had no regular tariff of charges for their work, but that a special price was fixed by agreement, does not change the relation. The necessity for a different charge in each case arises, of course, out of the difference in labor in handling articles of great bulk. The charge in each case may be pro-

portioned to the risk assumed and commensurate with the carrier's responsibility as such. A common carrier is one who, by virtue of his calling, undertakes, for compensation, to transport personal property from one place to another for all such as may choose to employ him, and every one who undertakes to carry for compensation the goods of all persons indifferently, is, as to liability, to be deemed a common carrier. (*Bank of Orange* v. *Brown,* 3 Wend. 158; Schouler on Bailments & Carriers, [2d ed.], 351; Story on Bailments, §§ 495 & 496; 2 Kent's Commentaries [4th ed.], pp. 598, 599; 2 Parsons on Contracts, 165, 175; Angell on Carriers, 870; *Allen* v. *Sackrider,* 37 N. Y. 341; *Lough* v. *Outerbridge,* 143 N. Y. 271.) While, therefore, the question as to whether the defendants were subject to the responsibility of common carriers was not very material in this case, yet we think it would be difficult to show that there was any legal error in the charge of the learned trial judge in that respect.

This was not an action against the defendants as common carriers. They were not held liable upon the ground that they were insurers of the safety of the property which they undertook to deliver, but on the ground of negligence. It must be, and is, admitted that they were bound by their contract to exercise at least reasonable care in the transportation and delivery of the machine, and that they are liable for damages caused by their negligence in the discharge of the duty which they undertook to perform. The case was tried upon the theory that the defendants failed to use reasonable care in unloading the machine after it had reached its destination, and through this negligence the damage and injury occurred. In the complaint the defendants are charged with negligence in the performance of this duty, and this allegation was sustained by evidence at the trial. At all events, the evidence was sufficient to require its submission to the jury, and the finding on that question having been in favor of the plaintiff, it is not open to question or review here. All this is, we think, very clear from the charge and requests made in behalf of the defendants. The court was requested by the

defendants' counsel to charge that, as carriers for hire, they were not liable for loss or injury which could not have been prevented by the use of ordinary diligence, and that they were not liable for any loss or injury occasioned by unavoidable accident. These propositions were charged as requested, and, hence, it plainly appears that, although the court refused to charge that the defendants were not common carriers, yet he did charge that they were not liable for any loss or injury which could not have been prevented by ordinary diligence. So the measure of liability which the defendants were held to was that of ordinary diligence and care. This was certainly the most favorable view of the case that the defendants had any right to expect; and since the jury has found upon sufficient evidence that they were wanting in the exercise of such care in unloading the machine from the truck at the factory, the merits of the controversy are not open to review in this court.

It is also urged that the plaintiff, through its servants or employees, present at the time of the delivery of the machine, was guilty of negligence contributing to the injury. It seems that the truck with this machine arrived at the factory some time after dark, and it is said that the defendants advised against unloading such a heavy machine at that time, but that the plaintiff's superintendent said that it could not remain out doors all night, and that it should be delivered. This is the interference on the part of the plaintiff's agents that is said to constitute contributory negligence. It is quite sufficient to say, with respect to that branch of the defense, that the evidence was of such a character that required the court to submit it to the jury, and it was submitted with instructions that, if it was shown that the negligence of the plaintiff or its agents contributed in any way to the injury, there could be no recovery. So the questions of negligence and contributory negligence have been removed by the verdict of the jury from the domain of controversy in this court.

There remains one other question to be considered, and that arises upon an exception taken to the admission in behalf of the plaintiff of certain evidence on the question of damages.

It is urged that the trial court admitted evidence on that subject to show the loss of profits from inability to use the machine after the injury and until repaired. But no evidence as to loss of profits was given. Some proof was given that the plaintiff was compelled, on account of the injury to the machine, to send work out of the shop in order to complete contracts they had on hand at the time of the breaking of the machine, and that for such work they were compelled to pay a sum amounting to $435. This was not proof of the loss of profits, but of the loss occasioned to the plaintiff by inability to use the machine on account of the defendants' negligence. We are not prepared to say that this evidence was not entirely competent under the circumstances of the case. (*Allen* v. *Fox*, 51 N. Y. 562; *Redmond* v. *A. M. Co.*, 121 N. Y. 418.) But it is not necessary to consider that question, since it appears that the evidence was immaterial, and could not very well have operated to the injury of the defendants, even if not admissible. The verdict of the jury was for $500. The proof was substantially uncontradicted that a new bed was absolutely necessary to repair the machine and render it fit for use, and that the cost of this was $855. It is plain that the machine was not an article that the plaintiff could procure in the market at any time, and hence the expense of restoring it to a condition for use was a proper element in the estimation of the damages, and that item of expense alone exceeds the verdict. The defendants' counsel requested the court to charge the jury that the measure of damage is that compensation which will fit the actual loss sustained and which was the natural and proximate consequence of the defendants' act. Also that no damages which might fairly be supposed not to have been the natural and necessary consequence of the defendants' act could be recovered. These propositions were charged by the court as requested. The item of the expense of restoring the machine to a condition that would render it fit for use is certainly within the principle of this request. The cost of procuring necessary work to be done outside the factory in order to enable the plaintiff to fill

its contracts, resulting from inability to use the machine, would seem to be within the same principle also. But since proof of the first item is sufficient to sustain the verdict rendered, the right to recover the other item need not be considered or discussed. On the whole case it is apparent that the rulings at the trial and in the charge were quite as favorable to the defendants as the law permits, and the amount of the verdict was, under the circumstances, extremely moderate.

The judgment is right and should be affirmed, with costs.

All concur (VANN, J., in result), except MARTIN, J., absent. Judgment affirmed.