### HEYMAN v. STRYKER.

(Supreme Court, Appellate Term. May 7, 1909.)

1. CARRIERS (§ 108*)—PUBLIC TRUCKMAN—LIABILITY.

A public truckman, engaged in transporting for hire the goods of such as chose to employ him, was a common carrier, and liable, as for a breach of contract, to a person delivering goods to him for carriage, where the goods were never delivered, but were stolen by the truckman's driver.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 108.*]

2. CARRIERS (§ 119*)—CARRIAGE OF GOODS—LIABILITY FOR LOSS.

A carrier is responsible for loss of goods which he undertakes to carry, irrespective of negligence or fault on his part, if the loss does not occur by the act of God or the public enemies.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 523–530; Dec. Dig. § 119.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Louis Heyman against Iram H. Stryker, Jr. Judgment for defendant, and plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and DAYTON and GOFF, JJ.

Henry C. Burnstine, for appellant.

Morris S. Hirschberg, for respondent

PER CURIAM. The defendant was a public truckman, engaged in the business of transporting for hire the goods of such as chose to employ him. On October 10, 1907, the plaintiff delivered to defendant, for carriage to the named consignee in New York City, certain merchandise. The goods in question were never delivered pursuant to the contract of carriage, but were stolen by the defendant's driver. The trial court dismissed the plaintiff's complaint, and rendered judgment for the defendant upon a counterclaim for services previously rendered to the plaintiff.

It was error to dismiss the complaint. The defendant is liable for the damages sustained by the plaintiff in the loss of the goods. His obligation to the plaintiff is that of a common carrier for breach of contract. The defendant was a common carrier, within the rule laid down in Jackson Iron Works v. Hulbut, 158 N. Y. 34, 52 N. E. 665, 70 Am. St. Rep. 432.

The question of defendant's negligence is not presented. "The law adjudges the carrier responsible, irrespective of any question of neg-

ligence or fault on his part, if the loss does not occur by the act of God or the public enemies." Merritt v. Earle, 29 N. Y. 115, 86 Am. Dec. 292.

The judgment must be reversed, and a new trial ordered, with costs to appellant to abide the event.