## NATIONAL UNION FIRE INS. CO. v. FRISCO FROLICS MUSICAL COMEDY CO

### No. 4922.

Circuit Court of Appeals, Seventh Circuit.
July 8, 1933.

James E. Coleman, of Milwaukee, Wis., for appellant.

Benjamin J. Miller and Harry V. Meissner, both of Milwaukee, Wis., for appellee.

Before ALSCHULER and SPARKS, Circuit Judges, and WILKERSON, District Judge.

SPARKS, Circuit Judge.

We shall first consider the court's refusal to grant appellant's motion for a directed verdict. That part of the policy over which the main controversy arises is set forth in the margin, including certain words which were deleted at the time of its issuance.[1]

It will be observed that the policy covered the loss during the time the property was in transit by or in the custody of (1) any railroad, (2) express company, (3) transfer company, (4) transportation company, (5) licensed public truckman, or (6) other common carrier. It is contended by appellant that the truck in which appellee's property was being transported did not properly fall within any of the classes enumerated. It is quite obvious that the truck used here cannot be included in any of the first five classifications mentioned, but appellee insists that it may properly be classified under the sixth,

---

[1] This Policy Insures

~~(except as hereinafter provided)~~

against loss directly caused by—
1. Fire and lightning
2. Collision and/or derailment
3. Overturning of Trucks
4. Marine perils while on Ferries and/or in cars on transfers in connection therewith.

During the time the property insured hereunder is in transit by and/or in custody of any railroad, express, transfer or other transportation company, licensed public truckman, or other common carrier for transportation only by land and/or while on ferries and/or on cars on transfers, in connection therewith, until delivered by any railroad, express, transfer or other transportation company, licensed public truckman, or other common carrier at destination, and while the merchandise is on docks, wharves, piers, and/or bulkheads and/or in depots, stations and/or platforms in custody of any railroad, express, transfer or other transportation company, licensed public truckman or other common carrier incidental to transportation.

This policy is further extended to cover against loss or damage directly caused by Fire and Lightning (meaning thereby the commonly accepted use of the term Lightning), while the subject matter insured hereunder is contained in any business or theatrical building, excluding the customary business premises of the assured.

that of common carrier. With this contention we are not in accord. A common carrier has been defined to be one who undertakes, for hire or reward, to transport from place to place, any passengers, or the goods of any persons who choose to employ him. McCoy v. Pacific Spruce Corp. (C. C. A.) 1 F.(2d) 853; Doty v. Strong, 1 Pin. (Wis.) 313, 40 Am. Dec. 773. The distinction characteristic of a common carrier is that he undertakes to carry for all people indifferently (Jackson A. Iron Works v. Hurlbut, 158 N. Y. 34, 52 N. E. 665, 70 Am. St. Rep. 432; Samms v. Stewart, 20 Ohio 69, 55 Am. Dec. 445; Gordon v. Hutchinson, 1 Watts & S. [Pa.] 285, 37 Am. Dec. 464), and hence he is regarded in some respects as a public servant. Samms v. Stewart, supra. His business must be regular and customary in its character, and not casual only. It must be conducted as a business, and must be of such a general nature that a person carrying it on is bound to convey the goods of all persons who offer to pay the costs of transportation. It is not sufficient that a person occasionally undertake to carry goods. In order to impress upon one the character, and impose upon him the liabilities, of a common carrier, his conduct must amount to a public offer to carry for all who tender him such goods as he is accustomed to carry. Doty v. Strong, supra; Lloyd v. Haugh, 223 Pa. 148, 72 A. 516, 21 L. R. A. (N. S.) 188.

If, under the circumstances disclosed, the truck might be considered as a carrier, it was nothing more than a private carrier for hire, and such a carrier is not included in the contract. But there is no substantial evidence to support such a conclusion, for the truck belonged to appellee, and the driver was employed and paid to make the trip by his brother who was the president and apparently the manager of appellee.

■ The main contention, however, arises over the deletion from the contract, of the words, "Except as hereinafter provided," which follows immediately after the words, "This policy insures." Appellee construes the deletion to mean that all subsequent exceptions and qualifications are eliminated from the policy, thereby rendering appellant liable in any and all events where the loss is caused by fire. This construction we think is illogical and was not contemplated by the parties. If they had any such intention, it is not reasonable that they would have followed such deletion with the clear and specific limitations which are set forth in the policy. Indeed, the very name of the policy, "Theatrical Floater," repels such a conclusion. The deleted words would have added nothing to the contract had they been left in it, and it seems quite obvious to us that their deletion cannot in any respect alter, or change or destroy the subsequent exceptions, limitations or conditions. It is quite clear that the contract purports to insure theatrical property while it is in the custody of persons other than the owner, and while it is in transit, or in the possession of such persons for the purpose of transit. It is true that the terms of the policy are extended to cover losses sustained while the insured property is in any business or theatrical building, but this provision is immediately followed by a clause which excludes the customary business premises of the assured from the benefits of that provision.

■ Insurance companies may by contract limit their liability as they please, Speelman v. Iowa State Traveling Men's Ass'n (C. C. A.) 4 F.(2d) 501, and the policy is the sole source of the parties' obligation. Springfield Fire & Marine Ins. Co. v. National Fire Ins. Co. (C. C. A.) 51 F.(2d) 714, 76 A. L. R. 1287. The terms of the policy are certain and unambiguous, and appellee failed to bring itself within those terms. Appellant's motion for a directed verdict should have been granted. It is therefore unnecessary for us to pass upon the other assignments of error.

The judgment is reversed and the cause remanded for a retrial.