Edgar J. Nathax, Jr., J.
This is an action to recover the value of 11 cartons of merchandise delivered hy plaintiff to defendant for transportation to designated freight forwarders within the City of New York. The cartons were stolen from defendant’s locked truck, while it was left unattended during a pick-up at plaintiff’s place of business. It is alleged in one cause of action that defendant was negligent in its failure to deliver the merchandise entrusted to its care. There is a complete failure of proof as to this cause of action, and it is dismissed. There remains plaintiff’s other cause of action claiming that defendant M. & D. Trucking Service Co. is a common carrier and therefore liable for the loss in the absence of any negligence on its part.
The proof establishes that, at the time of the loss, defendant was engaged in a trucking service. It operated three trucks and employed two drivers, in addition to the owner. These facilities were used exclusively by plaintiff and one other customer for the delivery and transportation of their merchandise in a manner peculiar to the necessities of their respective businesses. Defendant performed these services pursuant to separate oral contracts with each customer. When its customers’ business was slack defendant continued to service its two contract customers exclusively, although there was sufficient capacity to serve others. On other occasions it laid up a truck and cancelled the insurance when its clients’ carting requirements lessened.
Defendant does not advertise or otherwise solicit business in any way whatsoever. It maintains no plant, terminal or other place of business, nor does it have a telephone listing. It does not issue the usual bills of lading or any shipping receipts but the driver signs a shipper’s receipt upon receipt of the goods. Defendant does not have uniform charges based upon any tariff but charges in accordance with the special *524 arrangement with each of its two customers. Defendant is not licensed by any public authority to operate nor does it haul merchandise for the public generally.
The law is replete with definitions of the term common carrier and its antithesis, the private or contract carrier. As the Court of Appeals has stated in Gerhard & Hey v. Cattaraugus Tanning Co. (241 N. Y. 413, 417): “ The difference between a common and a private carrier is well understood. A common carrier of personal property is one who agrees for a specified compensation to transport such property from one place to another for all persons that may see fit to employ him. * * *
One is not a common carrier unless he indicates to the public that he is ready and willing to do business for all that may see fit to employ him ‘ up to the capacity of his facilities. ’ (Michigan Commission v. Duke, 266 U. S. 570, p. 577; 2 Parsons on Contracts [9th ed.], 166.) ”
If this distinction is to be given effect, defendant is a contract carrier, and not a common carrier. Plaintiff has failed to meet the burden of proving the characteristic of a common carrier, i.e., an undertaking to carry goods for the public generally. Defendant’s trucking business was pursuant to private contracts with its two customers at rates agreed upon with each. Defendant did not hold itself out, by advertising or otherwise, to carry goods for the public generally, nor did it do so, even when contract obligations permitted it. The complaint is dismissed and judgment is rendered in favor of defendant accordingly.