■ RELIABLE TEXTILE COMPANY, INC., Respondent, v. DEPTULA TRUCKING Co., INC., Appellant.— Order and judgment (one paper), Supreme Court, New York County, entered on October 20, 1970, after trial before Kapelman, J. and a jury, reversed, on the law, and the complaint dismissed. Appellant shall recover of respondent $50 costs and disbursements of this appeal. The action was to recover damages for the loss of certain merchandise delivered to defendant for transportation to customers of plaintiff. The complaint contained no allegations of negligence and plaintiff proceeded on the theory that defendant was a common carrier, and hence, liable as an insurer of the mer-

chandise. The record demonstrates that defendant was a contract carrier, and not a common carrier. The proof shows that defendant had acted as a carrier for two companies under long-term contracts and there is no evidence that defendant publicly held itself out to carry the goods of all persons indifferently, an essential element to establish the status of a common carrier. (See *Matter of Motor Haulage Co.* v. *Maltbie,* 293 N. Y. 338; *Weiss Bros. Stores* v. *De Martis,* 14 Misc 2d 522.) Since, as a matter of law, defendant was not shown to be a common carrier, there was no basis in the record for imposing liability on defendant, and the complaint should have been dismissed. Were we not dismissing the complaint, we would in any event reverse and remand for a new trial on the ground that the trial court was without power, on its own motion, unconditionally to increase the verdict. (*O'Connor* v. *Papertsian,* 309 N. Y. 465.) Concur — Markewich, J. P., Murphy, McNally and Tilzer, JJ.; Kupferman, J. dissents in part and concurs in part in the following memorandum: Based on the large number of customers (some 50) of one of the two companies for which appellant was a carrier, who, as converters of textile products, utilized the trucking services and to whom appellant looked for payment of shipping charges, the jury was entitled to find, as it did, that the defendant was a common carrier. The Trial Judge specifically charged that "if the jury finds that the defendant was a contract carrier, then they must find in favor of the defendant." Interestingly enough, that portion of the charge was objected to by the plaintiff. However, I agree that the jury verdict should stand and could not be unconditionally increased.