■ MERIDIAN KNIT FINISHERS, LTD., Appellant, v ROSEN TRUCKING CO., INC., Respondent. (And Two Other Actions.)—In an action by a bailee to recover damages for breach of a contract of carriage, plaintiff appeals from an order of the Supreme Court, Kings County, entered March 4, 1977, which denied its motion for summary judgment and for an assessment of damages. Order reversed, on the law, with $50 costs and disbursements, motion granted, and action remanded to Special Term for an assessment of damages. The defendant-respondent had been continuously transporting property for 13 years. It operated eight trucks and maintained a terminal for its operations. Although at the time of its dealings with plaintiff (October, 1972 to January, 1973) 95% of its business consisted of transporting goods for plaintiff and one other client, it admittedly had 13 additional trucking accounts which it regularly serviced. It was, therefore, a common carrier as a matter of law, even though its practice may have been to refuse single contracts of carriage from ones other than the 15 accounts it serviced (see *Umthun Trucking Co.,* 91 MCC 691; *Terminal Taxicab Co. v District of Columbia,* 142 US 252, 256; *Artus Trucking Co. v Interstate Commerce Comm.,* 377 F Supp 1224, 1226; *Continental Contract Carrier Corp. v United States,* 311 F Supp 390, 393). We note, further, that this conclusion is consistent with respondent's certificate of incorporation, the terms set forth in its bills of lading and the statements it made in its December, 1972 contract with the third-party defendant herein. As a common carrier, respondent is liable for the losses plaintiff, as bailee, suffered when respondent's truck was hijacked. Damiani, J. P., Titone, Shapiro and Cohalan, JJ., concur.