■ In the Matter of THE INDUSTRIAL COMMISSIONER OF THE STATE OF NEW YORK v FIVE CORNERS TAVERN, INC., et al.—Motion granted and this court, pursuant to CPLR 5713, states that questions of law have arisen which ought to be reviewed by the Court of Appeals. Concur—Birns, J. P., Silverman, Evans and Markewich, JJ.

## (February 21, 1978)

■ ABBY SMITH-BE'ERY, Individually, and as Administrator of the Estate of JEHOSHOA BE'ERY, Deceased, et al., Respondents, v RICHARD W. HARDEN et al., Appellants.—Order, Supreme Court, New York County, entered on September 28, 1977, unanimously reversed, to the extent appealed from in the exercise of discretion, and defendants' motion for change of venue to Niagara County granted, without costs and without disbursements (see *Chung v Kivell,* 57 AD2d 790). No opinion. Concur—Murphy, P. J., Silverman, Evans, Fein and Markewich, JJ.

■ UPS N'DOWNS, INC., Appellant, v ALBINA ENTERPRISES, INC., Respondent.—Order, Supreme Court, New York County, entered February 23, 1977, denying plaintiff's motion for summary judgment, unanimously reversed, on the law, and summary judgment granted to the plaintiff on the issue of liability, matter remanded for an assessment of damages and defendant's cross motion for leave to amend denied. Appellant shall recover of respondent $60 costs and disbursements of this appeal. The defendant, a common carrier, agreed to transport 59 of plaintiff's cartons from its New York office to various locations in New Jersey. The plaintiff shipper seeks to recover in this action for the 41 cartons that were not delivered by the defendant to the consignees in New Jersey. Defendant claims that the missing cartons were hijacked. It also seeks to assert an affirmative defense that the plaintiff cannot recover on the contract of carriage because it was aware that the defendant did not have a certificate of authority from the Interstate Commerce Commission to carry shipments in interstate commerce. The plaintiff has not submitted a reply affidavit challenging the defendant's allegation that the contract of carriage was illegal. Even if it were assumed that the contract of carriage between these parties was violative of the Interstate Commerce Act, the plaintiff is still entitled to recover for the loss of its cartons on the theory that defendant breached its common-law duty as a common carrier. *(Adams Express Co. v Darden,* 286 F 61, 66, affd 265 US 265; *Wald-Green Food Corp. v Acme Fast Frgt.,* 200 Misc 679, 685, 686, affd 200 Misc 687, mot for lv to app den 279 App Div 766; 13 CJS, Carriers, § 294, p 393.) The defendant, a common carrier, was the insurer of the missing cartons and was responsible for any loss resulting from theft. *(D'Utassy v Barrett,* 219 NY 420, 425; 7 NY Jur, Carriers, § 178, p 167.) In the absence of any excuse proffered by the defendant to relieve it from its common-law duty to deliver all the cartons to their destinations, summary judgment is granted to the plaintiff on the issue of liability and this matter is remanded for an assessment of damages. Correspondingly, the defendant's cross motion for leave to amend is denied. Concur—Murphy, P. J., Kupferman, Lupiano and Silverman, JJ.