UTICA MUTUAL INSURANCE
COMPANY, Plaintiff,

v.

PORT CARGO MOTOR LINES,
INC., Defendant.

78 Civ. 2961 (RWS).

United States District Court,
S. D. New York.

Sept. 28, 1979.
As Amended Nov. 30, 1979.

352

Schindel & Cooper, New York City, for plaintiff.

Milton Thurm, New York City, for defendant.

## OPINION

SWEET, District Judge.

In this action for summary judgment brought pursuant to Fed.R.Civ.P. 56, plaintiff, a New York corporation, seeks to recover the value of certain shipments which were given to defendant, a New Jersey corporation, for delivery to various consignees. Jurisdiction is based on diversity of citizenship.

The following facts are not in dispute. Plaintiff's insured, M & M Transportation Company (M & M), is a common carrier authorized by the Interstate Commerce Commission to transport commodities in interstate commerce. On October 27, 1976, M & M delivered to defendant Port Cargo Motor Lines, Inc. (Port Cargo), a number of shipments for delivery to local consignees. A few days later, the shipments were stolen from defendant's warehouse in New Jersey. In accordance with the insurance policy issued by Utica Mutual to M & M, plaintiff has paid $55,732.00 to claimants for their losses.

Plaintiff claims that it is entitled to recover that sum from Port Cargo under New York law because defendant is a common carrier, and as such is responsible for any loss resulting from theft. *See Ups n' Downs, Inc. v. Albina Enterprises, Inc.,* 61 A.D.2d 763, 402 N.Y.S.2d 194 (1st Dept. 1978); *Meridian Knit Finishers, Ltd. v. Rosen Trucking Co., Inc.,* 61 A.D.2d 793, 401 N.Y.S.2d 857 (2d Dept.1978). *See generally D'Utassy v. Barrett,* 219 N.Y. 420, 114 N.E. 786 (1916). Similarly, under New Jersey law, a common carrier is absolutely liable except when the loss or damage is caused by events not relevant here. *See Nopco Chemical Division v. Blaw-Knox Company,* 59 N.J. 274, 281 A.2d 793 (1971); *Joseph Toker Co. v. Lehigh Valley R. Co.,* 12 N.J. 608, 97 A.2d 598 (1953).

The issue, then, is whether Port Cargo is a common carrier. Plaintiff contends that this question is controlled by New York law, while defendant urges that New Jersey law should be applied. If there were truly a conflict between the laws of these states, this court would agree with defendant that only New Jersey law should be applied.[1] Close analysis reveals that

---

1. The court must look to the conflicts law of New York to determine which state's law applies. *See Klaxon Co. v. Stentor Electric Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In *Auten v. Auten,* 308 N.Y. 155, 124 N.E.2d 99 (1954), the seminal New York choice of law case, the New York Court of Appeals considered which state had the most significant contacts with the action as well as which jurisdiction had the most interest in the problem. 308 N.Y. at 161, 124 N.E.2d at 102. The Second Circuit continues to apply that test to cases brought in the federal district courts of New York. *See e. g. Weisse v. Engelhard, Minerals & Chemicals Co.,* 571 F.2d 117, 118 n. 3 (2d Cir. 1978); *Weston Funding Corp. v.*

there is no true conflict, however, but rather that New Jersey law is undeveloped in this area. Consequently, this court will rely on New Jersey law to the extent that it addresses the issue, and will also look to New York law for guidance in resolving the question.

 Under New Jersey law, "[e]very person who undertakes to carry, for a compensation, the goods of all persons indifferently is, as to the liability, to be considered a common carrier." *Mershon v. Hobensack,* 22 N.J.L. 372 (1850), *aff'd* 23 N.J.L. 580 (1851). While there is some recognition that there are carriers other than common carriers, *see* N.J.Stat.Ann. § 12:A–309(1) (West 1979); *New Jersey Bell Tel. Co. v. Pennsylvania—Reading Seashore Lines,* 11 N.J.Super. 129, 78 A.2d 150 (1950), the New Jersey courts have not explicitly defined the distinctions.

Defendant Port Cargo argues that a carrier must issue bills of lading in order for it to be a common carrier. In *Mershon v. Hobensack, supra,* the New Jersey Supreme Court found the defendant to be a common carrier even though it had issued no bill of lading. Although a lower New Jersey court has since stated that a common carrier receiving property for transportation must issue a bill of lading, *see Lincoln Farm Products Corp. v. Central R. R. of N. J.,* 81 N.J.Super. 161, 195 A.2d 200 (1963), it was referring to the first common carrier to whom a shipment was delivered by the consignor and implied that this rule did not apply to a delivering common carrier that later received the shipment. Similarly, in *Herman v. Railway Express Agency,* 171 N.J.Super 10, 85 A.2d 284 (1951), the court was also considering the conduct of the first carrier to whom the goods were presented and implicitly recognized that connecting common carriers may exist even when a bill of lading is not issued by the first carrier to receive a shipment from a consignor.

In the one New Jersey case resembling the instant one, *New Jersey Bell Telephone Co. v. Pennsylvania—Reading Seashore Line,* 11 N.J.Super. 129, 78 A.2d 150 (1950), a local trucking company picked up a shipment to take to plaintiff's premises that had been shipped to New Jersey by a common carrier under a straight bill of lading. The company was not found to be a carrier subject to the provisions of the uniform bill of lading, apparently because as a local service it did not qualify as a common carrier under the federal act. The court implied, however, that even though the trucking company had issued no bill of lading, if it could be shown that the trucking company had control of the shipments when the damage was done, it might be held to the common carrier's standard of liability.[2]

As mentioned, it appears that New York law regarding the definition of a common carrier is similar to New Jersey law.[3] In New York, a common carrier is

"one who, by virtue of his calling, undertakes, for compensation, to transport personal property from one place to another for all such as may choose to employ him; and every one who undertakes to carry

*Lafayette Towers, Inc.,* 550 F.2d 710, 715 (2d Cir. 1977); *Meltzer v. Crescent Leaseholds, Ltd.,* 442 F.2d 293, 295 (2d Cir. 1971).

Under the *Auten* test, New Jersey has the most significant contacts with the cause of action and the greatest interest in the issue. The defendant is a New Jersey corporation operating wholly within that state. Its warehouse is in New Jersey, it took possession of the goods there and its agreement was to deliver the shipments to local consignees. In addition, M & M had an office in New Jersey with which the defendant communicated and the agreement was entered into in New Jersey.

2. The court indicated that for the trucking company to be liable the plaintiff must "at least" make this showing. The case it cited, however, was a case involving a common carrier, which apparently would have been found liable if the showing of control had been made. *See McMahon v. American Ry. Express Co.,* 6 N.J. Misc. 468, 141 A. 566 (Sup.Ct.1928).

3. As in New Jersey, under New York law, the fact that Port Cargo did not issue a bill of lading does not affect its status as a common carrier. *See Olive Kent Park v. Moshassuck Transportation Co.,* 189 Misc. 864, 71 N.Y.S.2d 15 (Sup.Ct.1947).

for compensation the goods of all persons indifferently, is, as to liability, to be deemed a common carrier."

*Jackson Architectural Iron Works v. Hurlbut,* 158 N.Y. 34, 37, 52 N.E. 665, 666 (1899). Later case law indicates that publicly holding oneself out to carry goods of all persons is an essential element in establishing the status of a common carrier. *Reliable Textile Co., Inc. v. Deptula Trucking Co.,* 37 A.D.2d 952, 326 N.Y.S.2d 217 (1st Dept. 1971), *aff'd* 31 N.Y.2d 824, 339 N.Y.S.2d 676, 291 N.E.2d 721 (1972).

■ The fact that a company advertises, as defendant does, by word of mouth rather than by printed word, does not prevent it from being found to be a common carrier. *See Olive Kent Park v. Moshassuck Transp. Co.,* 189 Misc. 864, 71 N.Y.S.2d 15 (Sup.Ct. 1947). Port Cargo had 47 accounts in 1976 and apparently did not turn away business. A carrier has been found to be a common carrier when it regularly serviced less than 15 accounts and it refused single contracts of carriage from persons other than the accounts it serviced. *Meridian Knit Finishers v. Rosen Trucking,* 61 A.D.2d 793, 401 N.Y.S.2d 857 (1978). Similarly, in *Weiss Bros. Stores, Inc. v. DeMartis,* 14 Misc.2d 522, 179 N.Y.S.2d 723 (Sup.Ct.1958), the determinative issue was that the defendant did not serve the public generally, but confined itself to two customers even when it had a capacity for more.

■■ Port Cargo points to other facts that have little relevance to the question of what is a common carrier under New York or New Jersey law. It cites no case law supporting its contention that the amount of time in which it was in business is relevant to the determination, and none has been found. Similarly the fact that it had only three trucks is not dispositive, because although that factor was mentioned in

*Weiss Bros. Stores, Inc. v. DeMartis, supra,* the critical issue was the failure to serve the public generally. Finally, the fact that Port Cargo negotiates its rates with each firm with which it does business does not preclude it from being considered a common carrier. In *Jackson Architectural Iron Works v. Hurlbut, supra,* the Court stated:

> The circumstance that the defendants had no regular tariff of charges for their work, but that a special price was fixed by agreement, does not change the relation. The necessity for a different charge in each case arises, of course, out of the difference in labor in handling articles of great bulk. The charge in each case may be proportioned to the risk assumed, and commensurate with the carrier's responsibility as such.

158 N.Y. at 37, 52 N.E. at 665.

Under the standards of New Jersey and New York law, it is evident that Port Cargo "undertakes to carry, for compensation, the goods of all persons indifferently," *Mershon v. Hobensack, supra,* and is therefore a common carrier. The defendant, having conceded that it received the goods from M & M and that they were never delivered to the consignees because they were stolen, is liable for the losses suffered. Summary judgment is accordingly granted to plaintiff. Settle order on notice.

IT IS SO ORDERED.