W. N. STEVENSON & CO., INC., Appellant, *v.* HERMAN HARTMAN, Respondent.

**Carriers — when cartman who receives merchandise for delivery within city a common carrier and liable for value of goods stolen.**

A public cartman, duly licensed under an ordinance of the city of New York, and whose compensation is regulated thereby, who has a regular stand upon one of the streets of that city, collects merchandise from customers and makes deliveries in different parts of the city as directed, is a common carrier and responsible for the value of merchandise delivered to him for transportation within the city, placed upon his cart and stolen while he was temporarily absent.

*Stevenson & Co.* v. *Hartman,* 191 App. Div. 406, reversed.

(Argued May 11, 1921; decided June 7, 1921.)

APPEAL, by permission, from a judgment, entered May 5, 1920, upon an order of the Appellate Division of the Supreme Court in the first judicial department, overruling plaintiff's exceptions, ordered to be heard in the first instance by the Appellate Division and directing judgment in favor of defendant upon the verdict at the trial court.

*A. P. Bachman* and *James E. Bennet* for appellant. Defendant on the pleadings and proof was a common carrier and insurer of the goods and liable whether negligent or not. Verdict should have been directed for plaintiff. (*Jackson* v. *Hurlbut,* 158 N. Y. 37; *Murray* v. *Dwight,* 161 N. Y. 305; *Fein* v. *Weir,* 129 App. Div. 307; 199 N. Y. 540; *Robinson* v. *Cornish,* 13 N. Y. Supp. 577; *N. Y. C. & H. R. R. R. Co.* v. *Sheeley,* 27 N. Y. Supp. 193; *Allen* v. *Sackrider,* 37 N. Y. 341; *Anderson* v. *Fidelity & Casualty Co.,* 228 N. Y. 475; Hutchinson on Carriers [3d ed.], § 35; *Fish* v. *Clark,* 49 N. Y. 122.)

*Charles Frankel* for respondent.   Upon the pleading and upon the testimony there can be no doubt but that the defendant was a private carrier.   (*Pike* v. *Nash*, 40 N. Y. 335; *O'Rourke* v. *Bates*, 133 N. Y. Supp. 392; *Murphy* v. *N. Y. C. R. R. Co.*, 225 N. Y. 548; *Allen* v. *Sackrider*, 37 N. Y. 340; *Fish* v. *Clark*, 49 N. Y. 122; *Claflin* v. *Meyer*, 75 N. Y. 260; *Grant* v. *Miller*, 159 N. Y. Supp. 829; *Allen* v. *Fulton Motor Car Co.*, 128 N. Y. Supp. 419; *Anderson* v. *Fidelity & Casualty Co.*, 228 N. Y. 475.)

HISCOCK, Ch. J.   This action was brought to recover the value of merchandise delivered by plaintiff to defendant, a cartman, for transportation within the city of New York.   After the goods had been delivered to him and placed upon his cart he was temporarily called away and while thus absent some thief drove his cart away and stole the merchandise.

It was established, we think, that if defendant received these goods as an ordinary bailee he was not guilty of any neglect of duty which made him responsible for the value thereof.   On the other hand, it is practically conceded by him that if he received the goods as a common carrier he has not offered any excuse or defense which relieves him from responsibility for their value.   It has thus far been held as matter of law that he was not a common carrier and was not liable for the value of the merchandise. The decisive question, therefore, presented for our consideration is whether this conclusion was correct.   We do not think that it was.

Defendant was a public cartman duly licensed under an ordinance of the city of New York.   Under this ordinance and the license which he took out thereunder he became engaged in the business of public, that is, general carting.   He was privileged in the case of certain bulky articles to make a special contract for his compensation but otherwise he was compelled to carry such

articles as might be intrusted to him under a regular scale of prices.

So far as appears his time was devoted to this business of carting. He had a regular stand upon one of the streets of the city whereof the only purpose could be to invite and accept such business as might be offered to him by any one who desired his services. Much stress is laid upon the fact that the bulk of his business came from certain classes of merchants in the neighborhood of the stand which he occupied but to our mind this means nothing more than that naturally those who sought and employed his services were the ones nearby who knew of his location rather than those in some distant part of the city who knew nothing of him and whose convenience would not be served by hiring him. There is nothing to indicate that his customers were controlled or classified by any other test or rule than that of mere proximity and convenience. The business which he carried on is fairly described by him in his evidence, some of which may be quoted as follows:

" Q. Are you located at any particular place or have you a stand at any particular place? A. I stand at Fifteenth street and Sixth avenue.

" Q. Where are your customers? A. They are around in that particular neighborhood. * * *

" Q. Where do you truck merchandise to? A. To the piers and city deliveries.

" Q. You make deliveries all over the city? A. Yes, sir. * * *

" Q. Do you have any special routes? Not exactly special routes — it all depends on the goods you have for delivery? A. Yes, sir,

" Q. How many deliveries do you make in a day — any special number? A. Sometimes 20, sometimes 15 and sometimes 30.

" Q. That depends? A. It depends on what I pick up from certain people.

" Q. When you get a truck load full you start off to deliver?   A. Yes, sir.

" Q. And you wait until you have a truck full before you start delivering, is that correct?   A. Yes, sir, I take all that I can possibly get from all the people and when they give me their goods and when I get a truck full, I go around and make deliveries."

As we have indicated it seems to us perfectly clear that the business thus described was that of a common carrier of goods.   Defendant was either a private carrier carrying occasionally for some particular person under some particular arrangement or he was a common carrier engaged in the general business of carrying goods generally for those who desired his services.   It seems plain that his case is not fitted by the former description but that he comes within the latter definition. (*Anderson* v. *Fidelity & Cas. Co.*, 228 N, Y. 475; *Jackson A. Iron Works* v. *Hurlburt*, 158 N. Y. 34; *Allen* v. *Sackrider*, 37 N. Y. 341.)

According to these views we think the judgment appealed from should be reversed and a new trial granted, with costs to abide event.

HOGAN, McLAUGHLIN, CRANE and ANDREWS, JJ., concur; CHASE and CARDOZO, JJ., dissent.

Judgment reversed, etc.