GERHARD & HEY, INC., Appellant, *v.* CATTARAUGUS
TANNING COMPANY, Respondent.

Carriers — common carrier liable for value of goods lost or
stolen in transit — private carrier liable only where loss is
due to his negligence — counterclaim, in action to recover
for services in transporting goods, for value of goods stolen
in transit — where it appears plaintiff was a private carrier
no recovery may be had on counterclaim in absence of allega-
tion and proof of negligence.

1. A common carrier of personal property is one who agrees for
a specified compensation to transport such property from one place
to another for all persons who may see fit to employ him and is liable
for the value of merchandise stolen or lost in transit, but a private
carrier is a mere bailee for hire and is liable only if such loss was occa-
sioned through his negligence.

2. Where, in an action to recover the value of work performed
in the transportation of merchandise, upon trial of the issues raised
by a counterclaim for the value of goods stolen in transit, and the
reply thereto, it appears that both parties understood that the plaintiff
in accepting the merchandise acted as the agent of defendant in
arranging for its transportation and there is no evidence to show
that plaintiff held itself out as a common carrier or that defendant
when it delivered its merchandise for transport believed the plaintiff

was acting as a common carrier and there is neither allegation nor proof that plaintiff was negligent in employing the truckman engaged in moving the merchandise when the loss occurred, the defendant cannot recover upon its counterclaim.

*Gerhard & Hey, Inc.,* v. *Cattaraugus Tanning Co.,* 212 App. Div. 812, modified.

(Argued December 7, 1925; decided January 12, 1926.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1925, unanimously affirming a judgment in favor of defendant entered upon a verdict directed by the court.

*Charles E. Thorn* for appellant. The appellant was not, nor did it hold itself out to be, a common carrier. (*Reilly* v. *Troy Brick Co.,* 184 N. Y. 399; *Wagner* v. *N. Y. C. & St. L. R. R. Co.,* 183 N. Y. 523; *Bank of Monongahela Valley* v. *Weston,* 159 N. Y. 201; *Anderson* v. *Fidelity & Casualty Co.,* 228 N. Y. 475; *Jackson Architectural Iron Works* v. *Hurlbut,* 158 N. Y. 34; *Allen* v. *Sackrider,* 37 N. Y. 341; *Lough* v. *Outerbridge,* 143 N. Y. 271; *Hollitser* v. *Nowlen,* 19 Wend. 234; *Fish* v. *Clark,* 2 Lans. 176; 49 N. Y. 122; Moore on Carriers [2d ed.], 23; *Tracy* v. *Grand Concourse Service Co.,* 199 App. Div. 348; 234 N. Y. 649; *Sante Fe, P. & B. Ry. Co.* v. *Grant Bros. Const. Co.,* 13 Ariz. 186; *Fish* v. *Chapman & Ross,* 2 Ga. 349; *Bassett & Stone* v. *Aberdeen C. & M. Co.,* 120 Ky. 728; *Varble* v. *Bigley,* 77 Ky. 698; *Johnson* v. *Midland Ry. Co.,* 4 Exch. 367; Addison on Cont. [6th ed.] 468.) If appellant were a carrier at all, it was merely a private carrier. (Hutchinson on Carriers [3d ed.], § 35; *Hersfield* v. *Adams,* 19 Barb. 577; *Roberts* v. *Turner,* 12 Johns. 231; *Brown* v. *Adams Express,* 15 W. Va. 812; *State ex rel. Winnett* v. *Union Stock Yards Co.,* 81 Neb. 67; Story on Bailments [9th ed.], §§ 370, 421, 422; Schouler on Bailm. & Car. [3d ed.] 330, 331; *Pike* v. *Nash,* 1 Keyes, 335.) Appellant in this case was a forwarder only and liable only for its negligence. (Elliott on Railroads [3d ed.], § 2107; *Brown*

v. *Dennison,* 2 Wend. 593; *Johnson* v. *N. Y. C. R. R. Co.,* 31 Barb. 196; Moore on Carriers [2d ed.], 80; *Schloss* v. *Wood,* 17 Pac. Rep. 910; Angell on Carriers, § 75.)

*Frederick W. Kruse* for respondent. Defendant was not required to establish that the plaintiff was actually a common carrier, but only that it had held itself out to be such, and the evidence is amply sufficient to sustain the verdict upon either ground. (*Slutzkin* v. *Gerhard & Hey, Inc.,* 199 App. Div. 5; *Jackson Architectural Iron Works* v. *Hurlburt,* 158 N. Y. 34; *Stevenson* v. *Hartman,* 231 N. Y. 378; *Anderson* v. *Fidelity & Casualty Co.,* 228 N. Y. 475; *Ingram* v. *American Forwarding Co.,* 162 Ill. App. 476; *Teall* v. *Sears,* 9 Barb. 317; *Kettenhofen* v. *Globe Transfer & Storage Co.,* 70 Wash. 645; *Ladue* v. *Griffith,* 25 N. Y. 364.)

MCLAUGHLIN, J. This is an appeal by permission of this court from a judgment of the Appellate Division, first department, unanimously affirming a verdict directed in favor of the defendant.

The action was brought to recover the value of work, labor and services alleged to have been performed by the plaintiff in connection with the transportation of certain leather from Brooklyn to a steamship lying alongside a pier in New York, consigned to J. Anderson & Co., Inc., at Copenhagen, Denmark. The leather consisted of 360 bales. While the same was being transferred from Brooklyn to New York 38 of the bales were lost or stolen. The defendant in its answer set up a counterclaim for the value of these bales. At the conclusion of the evidence there was no dispute as to the value of the plaintiff's claim, nor was there any dispute as to the value of the 38 bales lost or stolen. Each party moved for the direction of a verdict in its favor. The trial judge directed a verdict in favor of the defendant for the difference between the two claims.

The only question presented by the appeal is as to

the validity of defendant's counterclaim. The solution of that question necessarily depends upon whether the plaintiff, in making the transfer, acted in the capacity of a common or a private carrier. If the former, then it is liable for the value of the leather stolen or lost; if the latter, then it is not liable since it was a mere bailee for hire.

There is no allegation in the counterclaim nor was any proof offered at the trial, that the loss of the leather was due to the negligence of the plaintiff.

The appellant is a domestic corporation engaged in business in the city of New York. Its business consists in obtaining such contracts for the transfer of goods from one place to another as it may see fit to make, and upon such terms as it may name. It does not hold itself out to the public as a general transfer agent, or to accept all business in its line which may be intrusted to it. It engages space in cars and steamers for goods intrusted to it for shipment if it sees fit to accept such goods upon the terms specified by it. It owns no trucks, lighters, railroad cars or any means of transportation of any kind. When it accepts a contract it engages others to make the transfer, and receives a compensation in excess of what it has to pay for such transportation.

The correspondence between the parties clearly indicates that both the plaintiff and the defendant understood that the appellant, in accepting the leather, acted as the agent for the respondent in arranging for the transportation of the goods from Brooklyn to New York. There is no evidence to show that the plaintiff held itself out as a common carrier, or that the defendant, when it delivered the leather to the plaintiff to transport the same to the pier in New York, believed the plaintiff was acting in the capacity of a common carrier. The plaintiff, when it agreed with the defendant to make the transfer, engaged one Haring, a truckman, to move the leather. While he was doing so, the loss occurred.

There being no allegation in the counterclaim and no proof that the plaintiff was negligent in employing Haring, the plaintiff is not liable for the loss.   In the reply to the counterclaim, the plaintiff put in issue the allegation of the answer that it was a common carrier or that in transporting the leather it acted in that capacity.   On the contrary, it alleged affirmatively that it did not act in that capacity but only as a private carrier.

The difference between a common and a private carrier is well understood.   A common carrier of personal property is one who agrees for a specified compensation to transport such property from one place to another for all persons that may see fit to employ him.   (*Jackson Architectural Iron Works* v. *Hurlbut*, 158 N. Y. 34; *Stevenson & Co.* v. *Hartman*, 231 N. Y. 378, p. 381.)   One is not a common carrier unless he indicates to the public that he is ready and willing to do business for all that may see fit to employ him " up to the capacity of his facilities." (*Michigan Commission* v. *Duke*, 266 U. S. 570, p. 577; 2 Parsons on Contracts [9th ed.], 166.)   In order to constitute one a common carrier he must be engaged in a business which necessarily involves a public interest. A careful examination of this record fails to disclose this or that the plaintiff did anything which would lead the public to believe that the character of its business was that of a common carrier.   (Hutchinson on Carriers [3d ed.], sec. 35.)   The defendant, therefore, could not recover upon its counterclaim without alleging and proving that the loss of the leather was due to the plaintiff's neglect.   This the defendant did not do.

As there is no dispute concerning the plaintiff's claim, the judgment appealed from should be modified, and judgment directed in its favor for that amount, with interest from August 4, 1919, with costs in all courts.

HISCOCK, Ch. J., CARDOZO, CRANE, ANDREWS and LEHMAN, JJ., concur; POUND, J., not voting.

Judgment modified, etc.