THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.*
JACOB WEISBERGER, IRVING SCHWARTZBERG, JOSEPH
NEWMAN, MAX LIEBERMAN, SOL SCHEINER, SAMUEL
BINENFELD, ANDREW COLAMBO, LOUIS B. OPPENHEIMER,
ROBERT TRAITE and SAMUEL LEVY, Appellants.

Argued November 15, 1939; decided December 28, 1939.

*Samuel A. Neuburger* and *Samuel P. Shapiro* for appellants. The defendants are private carriers. (*Anderson* v. *Fidelity & Casualty Co.*, 228 N. Y. 475; *Gerhard & Hey, Inc.*, v. *Cattaraugus Tanning Co.*, 241 N. Y. 413; *Utica-Clayville Bus Co.* v. *Waite*, 233 App. Div. 297; *Sanger* v. *Lukens*, 24 Fed. Rep. [2d] 226; *McCoy* v. *Pacific Spruce Corp.*, 1 Fed. Rep. [2d] 853; *Hood* v. *State*, 26 Ala. App. 507; *Goodman* v. *N. Y., N. H. & H. R. R. Co.*, 3 N. E. Rep. [2d] 777; *Klein* v. *Baker*, 112 Cal. App. 157; *Michigan Public Utilities Comm.* v. *Duke*, 266 U. S. 570.) Subdivision 3(b) of section 77 of article 5 of the Traffic Regulations of the city of New York is void and unconstitutional in that it attempts to change the operations of the defendants-appellants from those of a private carrier to those of a common carrier, thereby depriving them of their property without due process of law in violation of the Fourteenth Amendment to the Federal Constitution. (*Michigan Public Utilities Comm.* v. *Duke*, 266 U. S. 570; *Frost & Frost Trucking Co.* v. *R. R. Comm.*, 271 U. S. 583; *Smith* v. *Cahoon*, 283 U. S. 553; *McLeaish & Co.* v. *Binford*, 52 Fed. Rep. [2d] 151; *Rex* v. *Billgan*, [1935] 1 D. L. R. [Ont.] 477; *Denver & R. G. W. Ry. Co.* v. *Linck*, 56 Fed. Rep. [2d] 957; *Finn* v. *R. R. Comm.*, 2 Fed. Supp. 891; *McIntyre* v. *Harrison*, 172 Ga. 65; *Haynes* v. *MacFarlane*, 207 Cal. 529.)

*William F. X. Geoghan*, District Attorney (*Edward H. Levine* of counsel), for respondent. The regulation is a reasonable one and not violative of the appellants' constitutional rights. (*Cherubino* v. *Meenan*, 253 N. Y. 462;

*People ex rel. Leiberman* v *Vandecarr*, 175 N. Y. 440; *Castro* v. *N. Y. Railways Corp.*, 224 App. Div. 623; *Carolan* v. *Venechanos*, 236 App. Div. 812; *People ex rel. Knoblauch* v. *Warden*, 216 N. Y. 154; *Yellow Taxicab Co.* v. *Gaynor*, 82 Misc. Rep. 94; *Waldorf-Astoria Hotel Co.* v. *City of New York*, 212 N. Y. 97; *Capitol Taxicab Co.* v. *Cermak*, 60 Fed. Rep. [2d] 608; *City of Wichita* v. *Home Cab Co.*, 141 Kan. 697; *Packard* v. *Banton*, 264 U. S. 140.)

CRANE, Ch. J. This appeal relates to the power of the Police Department over traffic in the streets.

Section 435 of the Charter of the City of New York (effective January 1, 1938) provides:

" The police department and force shall have the power and it shall be their duty to * * * regulate, direct, control and restrict the movement of vehicular and pedestrian traffic for the facilitation of traffic and the convenience of the public as well as the proper protection of human life and health; * * *. The commissioner shall make such rules and regulations for the conduct of pedestrian and vehicular traffic in the use of the public streets, squares and avenues as he may deem necessary which shall not become effective until filed with the city clerk and published in the City Record."

The Traffic Regulations, subdivision 3(b) of section 77 of article 5, read:

" No person shall operate or move, or cause or permit to be operated or moved, any interstate or intrastate omnibus, not having a franchise or permit from proper municipal or other competent authority over a public highway of the City of New York, except over a route designated by the Police Commissioner; nor shall such person stop on a public highway in the City of New York to take on or discharge passengers, except at stops designated by the Police Commissioner."

Certain families in Brooklyn, Kings county, finding it difficult to get their young children to school, combined and hired an omnibus for the purpose of taking the children to school, picking them up and bringing them home after

school. The omnibus stopped at the various homes for the children. The parents paid a certain proportion of the expense, or charge rate for this transportation. No cash fares were collected. The buses did not stop to take passengers. They were not public carriers in that they undertook to carry the public for hire, but were conveyances, like an automobile hired for a special occasion and for a special purpose, and confined in the passage through the streets to this work for which they had been hired. The appellants operated these buses and made the contracts with the parents. The buses ran through West Thirty-seventh street, Neptune avenue, Mermaid avenue, Stillwell avenue, Guider boulevard and other streets to reach the Abraham Lincoln High School on Ocean parkway and West avenue. Twenty children, it is said, were thus transported to the high school and back.

The defendants have been arrested and charged with the violation of the Charter and ordinance, as above quoted, because they did not apply for and obtain from the Police Commissioner a designated route in which to operate the buses. The fact that the buses were to call for the children at their various homes and were restricted to carrying the children called for under contract makes it quite evident that the ordinance was never intended to apply to such a case or situation. How could the Police Commissioner designate a route when these private conveyances, private in this sense and in this user, were to call for the respective customers at their homes? The ordinance has no application to this situation. The defendants have obtained every other license and permit required by law or ordinance, and complied with all regulations. (See *Gerhard & Hey, Inc.,* v. *Cattaraugus Tanning Co.,* 241 N. Y. 413; *Michigan Public Utilities Commission* v. *Duke,* 266 U. S. 570.)

The defendants are not guilty of violating the ordinance and the judgments should be reversed and the informations dismissed.

LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; O'BRIEN, J., taking no part.

Judgments reversed, etc.