UNITED STATES   v.   SMITH.

UNITED STATES   v.   McDANIEL.

UNITED STATES   v.   SWARTZ.

UNITED STATES   v.   GWINNER.

UNITED STATES   v.   LONEY et al.

UNITED STATES   v.   HARBOUR.

UNITED STATES
v.
CHIEF DAIRY PRODUCTS, Inc.

UNITED STATES   v.   BROOKS.

UNITED STATES   v.   ROPP.
Nos. 12042–12050.

United States Court of Appeals,
Sixth Circuit.
July 16, 1954.

Katherine H. Johnson, Washington, D. C. (Warren E. Burger, Samuel D. Slade, Washington, D. C., John J. Kane, Jr., Cleveland, Ohio, on the brief), for appellant.

Joseph D. Stecher, Toledo, Ohio, for appellees.

Before McALLISTER, MILLER and STEWART, Circuit Judges.

MILLER, Circuit Judge.

The United States brought these nine separate actions against separate defendants to recover damages for violations of a price stabilization regulation issued pursuant to the Defense Production Act of 1950, as amended. Sections 2061–2166, Title 50 U.S.C.A.Appendix. Jurisdiction in the District Court was conferred by § 706(b) of the Act, § 2156 (b), Title 50 U.S.C.A.Appendix, and by § 1345 Title 28 U.S.Code.

The complaint in the case against Lawrence Smith is typical and presents the issue involved in all the cases. It charged that the defendant was engaged in the business of contract hauling, and since January 15, 1952 had sold and supplied contract hauling at prices in excess of the applicable maximum prices established by General Ceiling Price Regulation, effective January 26, 1951, 16 F.R. 808 and Supplementary Regulation 39, effective July 30, 1951, 16 F.R. 7150. The answer denied that the defendant was engaged in the business of contract hauling or had supplied contract hauling, but admitted that on December 16, 1951 he had raised the price charged producers for hauling milk from 40 cents per hundred pounds, which was the price charged during the base period of December 19, 1950 to January 25, 1951, to 42 cents per hundred pounds.

The Government called the defendant as a witness who testified as if on cross examination about the volume of milk he hauled from around Upper Sandusky, Ohio, to the Chief Dairy Products Company during the period involved. The date of raise in price from 40 to 42 cents per hundred pounds was stipulated. At the close of such testimony the defendant moved for judgment on the ground that the Government had failed to submit any evidence to sustain the allegations of the complaint that the defendant was engaged in the business of contract hauling. The Court deferred action on the motion.

Thereafter he was examined as a witness for the defendant and testified that he operated a milk route of about eighty miles a day serving about sixty-eight farmers, the number varying from time to time, whose milk he hauled to the Chief Dairy 365 days a year; that his investment in the business was approximately $7,500.00; that his services were available to any farmer who lived in the limited territory he undertook to serve, but that he had no contracts with the farmers he served except that they paid at the established rate for such milk as was turned over to him by a farmer for hauling to the Chief Dairy; that in picking up their milk he also picked up their orders for butter, cheese, or whatever they wished from the dairy which he delivered to the farmers when he returned

the empty milk cans; that the Chief Dairy, after receiving the milk, deducted the hauling charge from the amount owed to the farmer and paid it, less the hauling tax, to the defendant by check.

At the close of all the evidence the defendant again moved for judgment for failure of the Government to show that the defendant was a contract hauler. The District Judge thereafter sustained both motions of the defendant, expressing the opinion that the Government had failed to sustain the burden of proof cast upon it, and that the defendant should properly be classed as a common carrier instead of a contract hauler.

Section 14(f) of the original Regulation provides that the Regulation does not apply to "Rates charged by any common carrier or other public utility." Supplementary Regulation 39, dealing with "Rate Adjustments for certain Contract Motor Carriers" repeated the exemption. To bring the appellee within the scope of the Regulation the complaint charged him with having supplied "contract hauling," which was denied by the answer. The burden of proving the appellee a contract hauler was thus upon the appellant. It is a fundamental rule that the burden of proof in its primary sense rests upon the party who, as determined by the pleadings, asserts the affirmative of an issue and it remains there until the termination of the action. Bauer v. Clark, 7 Cir., 161 F.2d 397, 400; Pacific Portland Cement Co. v. Food Machinery & Chemical Corp., 9 Cir., 178 F. 2d 541, 547; Conn v. Gano, 1 Ohio 483. Appellant's evidence showed the quantity of milk transported by the appellee during the period in question, but did not show the conditions under which the transportation was done. It failed to support in any way the allegation that the appellee was engaged in the business of contract hauling as distinguished from the business of a common carrier. Appellee's motion for judgment on this ground was properly sustained.

We are also of the opinion that on all the evidence in the case the District Judge was correct in classifying the appellee as a common carrier. One who undertakes for hire to transport from place to place the property of others who may choose to employ him, offering such services to the public generally, is a common carrier. State of Washington ex rel. Stimson Lumber Co. v. Kuykendall, 275 U.S. 207, 211, 48 S.Ct. 41, 72 L.Ed. 241. Neither the maintenance of a station nor the issuance of a bill of lading is required. United States v. California, 297 U.S. 175, 182, 56 S.Ct. 421, 80 L.Ed. 567. The status is not changed by the fact that the carrier is rendering a specialized service or rendering such service as the agent of another. Fleming v. Chicago Cartage Co., 7 Cir., 160 F.2d 992, 996–997. The transportation service offered by the appellee to the public generally, even though of a specialized type and within a limited territory, was sufficient to classify him as a common carrier rather than a contract carrier. Stevenson & Co. v. Hartman, 231 N.Y. 378, 132 N.E. 121, 18 A.L.R. 1314; Annotation 18 A.L.R. 1316. As such he was exempt from the Regulation, and appellee's motion for judgment on this ground was also properly sustained.

The judgments are affirmed.