**VON DER AHE VAN LINES, INC.**

v.

**The UNITED STATES.**

**No. 139–64.**

United States Court of Claims.
April 15, 1966.

Francis Forti, Washington, D. C., for plaintiff.

John C. Ranney, Washington, D. C., with whom was Asst. Atty. Gen. John W. Douglas, for defendant.

Before COWEN, Chief Judge, JONES, Senior Judge and LARAMORE, DAVIS and COLLINS, Judges.

COWEN, Chief Judge:

In the years 1958, 1959, and 1960 plaintiff, a common carrier by motor vehicle, transported some 364 shipments of household goods for the defendant between points in the United States and Germany. A Government bill of lading was issued on each shipment to cover the complete service from origin to destination, including the land transportation in the United States, the crossing of the Atlantic Ocean, and the land transportation in Germany. After completion of the service, plaintiff submitted its bills for payment on Standard Form 1113, entitled Public Voucher For Transportation Charges. The bills were paid prior to audit, pursuant to Section 322 of the Transportation Act of 1940, 54 Stat. 955, as amended, 49 U.S.C. § 66, on the basis of the rates for each of the three legs of the trips set forth in Military Rate Tender I.C.C. No. 4.

Payment was completed on the vouchers on September 17, 1959. More than 3 years after plaintiff had received the payments, it submitted to the General

Accounting Office claims for undercharges on that portion of the transportation which moved within Germany. Plaintiff stated that in submitting its original bills, it had used an incorrect rate for the movements in Germany. The General Accounting Office denied the claims on the basis of that part of Section 322 of the Transportation Act of 1940 which states that "every claim cognizable by the General Accounting Office for charges for transportation within the purview of this section shall be forever barred unless such claim shall be received in the General Accounting Office within three years * * *."

Military Rate Tender I.C.C. No. 4, in accordance with which plaintiff offered its services and computed its charges, contains rates on shipments of household goods between points within the United States and points within the Republic of Germany. The rate tender was published and offered to the Government by the Movers and Warehousemen's Association of America, Inc., acting as agent for plaintiff and other carriers.

Defendant has countered plaintiff's motion for summary judgment with a cross-motion for summary judgment in which defendant contends that plaintiff's claims are barred by the 3-year statute of limitations set forth in Section 204a of the Interstate Commerce Act, 49 U.S.C. § 304a (1958 ed.). This section provides in pertinent part as follows:

> (1) All actions at law by common carriers by motor vehicle subject to this chapter for the recovery of their charges, or any part thereof, shall be begun within three years from the time the cause of action accrues, and not after.
>
> \* \* \* \* \* \*
>
> (7) The provisions of this section shall extend to and embrace all transportation of property or passengers for or on behalf of the United States in connection with any action brought before any court by or against carriers subject to this chapter: *Provided, however,* That with respect to such transportation of property or passengers for or on behalf of the United States, the periods of limitation herein provided shall be extended to include three years from the date of (A) payment of charges for the transportation involved, or (B) subsequent refund for overpayment of such charges, or (C) deduction made under section 66 of this title, whichever is later.

In its petition filed in this court plaintiff alleges that it is a common carrier by highway of property in interstate commerce. If plaintiff had sued to recover freight charges for that portion of the carriage which took place within the United States, it is clear that the above-quoted 3-year statute of limitations would require dismissal of the action. However, plaintiff asserts that, since the transportation for which recovery is sought occurred wholly in Germany, Section 204a of the Interstate Commerce Act is not applicable and that plaintiff's suit is governed by the 6-year statute of limitations, 28 U.S.C. § 2501. Plaintiff has cited a number of cases for the proposition that the Interstate Commerce Commission has no authority to regulate transportation in foreign countries. If that were the only question presented to us, we might agree with plaintiff's position. However, the narrow issue to be decided here is whether under the particular facts of this case, plaintiff has subjected itself to the time limitation provisions of the Interstate Commerce Act as contained in Section 204a thereof.

A related and similar question was considered by the Ninth Circuit in United States v. Francis, 320 F.2d 191 (9th Cir. 1963). In that case the United States sued to recover overcharges on shipments which were transported on Government bills of lading by a motor carrier between points solely within the State of California. The carrier defended on the ground that the United States could not bring an action for restitution under Section 322 of the Transportation Act of 1940, because the shipments were all intrastate and that in performing the transportation, he was not subject to the Interstate Commerce

Act. However, the carrier was a party to a quotation of rates tendered to the Government under the authority of Section 22 of the Interstate Commerce Act, 49 U.S.C. § 22, and the freight was transported pursuant to the terms of the quotation. In resolving the question, the court said at page 195:

> By becoming a party to the Loretz [Section 22] Quotation, appellee must be considered to be within the meaning of the Section 322 phrase "common carrier subject to the Interstate Commerce Act." Appellee, having voluntarily become bound as a carrier "subject to the Interstate Commerce Act," cannot now claim it is not so bound. We hold he has waived any claim he is excluded under Section 322.

The rationale of the decision is not fully set forth in the court's opinion, and factual situations may arise in which we would hold that the rule announced in the quoted portion of the opinion does not apply. However, we have concluded that the principle stated in *Francis* is controlling in this case, because of the following facts:

(1) Each shipment was made on a through bill of lading covering the complete movement of household goods between points in the United States and points in the Republic of Germany. Plaintiff was shown as both the origin and the destination carrier on each bill of lading.

(2) Each of the Government bills of lading refers to Movers and Warehousemen's Association of America, Inc., Military Rate Tender No. 4.

(3) Military Rate Tender I.C.C. No. 4, in effect at the time the shipments moved, is published by plaintiff's agent and contains rates on shipments of household goods between points within the United States and points in the Republic of Germany. The rate tender shows that the participating carriers, including plaintiff, quoted and offered to the Government specified rates and charges for such transportation services "pursuant to Section 22 of the Interstate Commerce

Act, or other appropriate statutory authority."

By this combination of factual circumstances, we think that plaintiff brought itself within purview of the Interstate Commerce Act, including Section 204a, 49 U.S.C. § 304a. The bill of lading is the contract of carriage upon which the carrier's action is based. St. Louis I. Mt. and Southern Ry. v. Starbird, 243 U.S. 592, 37 S.Ct. 462, 61 L.Ed. 917 (1917); Johnson Motor Transport v. United States, 149 F.Supp. 175, 137 Ct.Cl. 892, 896 (1957); United States v. Louisville & N. R. R., 221 F.2d 698 (6th Cir. 1955). It is a well accepted general rule that a single cause of action or an entire claim or demand based upon a contract cannot be split or divided for the purpose of maintaining separate suits on the various individual parts, nor can a party divide the grounds of recovery and maintain successive actions for the cause of action thereon. United States v. Pan-American Petroleum Co., 55 F.2d 753 (9th Cir. 1932), cert. denied, 287 U.S. 612, 53 S.Ct. 14, 77 L.Ed. 532 (1932); Campbell v. Village of Silver Bay, Minnesota, 315 F.2d 568 (8th Cir. 1963). While there are recognized exceptions to this rule, we think its purpose is served in this case. Plaintiff's claim grows out of the same facts on a single contract for a unified carriage between the same parties. Plaintiff, who was a common carrier by motor vehicle in interstate commerce, undertook to transport the household goods from origin to destination pursuant to a Section 22 Quotation, and the fact that it may have rendered a portion of the transportation services as the agent of another does not operate to change plaintiff's status. United States v. Smith, 215 F.2d 217 (6th Cir. 1954).

The adoption of plaintiff's position would require the splitting of its cause of action and the application of two statutes of limitations to a single contract of carriage. Thus, under plaintiff's view it could bring suit against the United States upon the bills of lading for undercharges on freight transported with-

in the United States within 3 years from the date the cause of action accrued, and then wait almost 3 years more to file suit on the same bills of lading for that portion of the transportation services performed within Germany. Under the facts recited above, we therefore conclude that plaintiff's cause of action is barred by the provisions of Section 204a of the Interstate Commerce Act, 49 U.S.C. § 304a. Accordingly, plaintiff's motion for summary judgment is denied, defendant's cross-motion for summary judgment is granted, and plaintiff's petition is dismissed.

In view of the foregoing disposition of this action, we do not reach, nor have we considered defendant's broad position that 49 U.S.C. § 304a applies to all actions at law brought by common carriers by motor vehicle for the recovery of freight charges against the Government.