Martin B. Stecher, J.
By its special verdict (CPLB 4111), the jury established (and to the extent the jury made no determination, I find) that on the morning of September 12,1969, the defendant, Silver Bell, a Long Island jewelry retailer, ordered from the plaintiff, a Manhattan-based jewelry wholesaler, an ‘ ‘ assortment ’ ’ of diamond rings to be exhibited to a customer of Silver Bell. In accordance with Silver Bell’s instructions, the plaintiff turned five rings over to the defendant, SS & K, a jewelry area contract carrier, in a package addressed to Silver Bell. It is uncontested that Silver Bell was SS & K’s customer paying to SS & K a uniform weekly fee for the transport of all of Silver Bell’s packages between it and Manhattan jewelry establishments. The rings, whose replacement value was $3,700.85, were never delivered to Silver Bell and remain unaccounted for.
SS & K, a bailee, has failed to offer any explanation for the disappearance of the rings and I, accordingly, find it guilty of negligence and liable to the plaintiff for its loss. SS & K, however, seeks to limit its liability, by contract made part of a receipt, to the sum of $200. Its “ receipt ” was an acknowledgment stamped on plaintiff’s memorandum which clearly expressed that limitation; and a large sign calling attention to this limitation was situated immediately over the counter where SS & K received the package. This evidence was sufficient to sus *728 tain the jury’s conclusion that a reasonable business man should have been on notice of the limitation. It was acknowledged by the panties (and I find it to be a fact) that SS & K was not a common carrier (cf. Stevenson & Co. v. Hartman, 231 N. Y. 378 ; Gerhard & Hey v. Cattaraugus Tanning Co., 241 N. Y. 413) and the contractual limitation will be upheld even though no choice of rates was offered (cf. American Mach. & Foundry Co. v. Santini Bros., 54 Misc 2d 886).
The transaction between the plaintiff and Silver Bell was a “sale or return ” (Uniform Commercial Code, § 2-326, subd. [1]) and title remained in the plaintiff (cf. Official Comment No. 1 to § 2-326).
Although Silver Bell had neither title nor actual possession, as between it and the plaintiff, Silver Bell must bear the risk of loss.
The code (Uniform Commercial Code, § 2-327) creates certain “ Special Incidents of Sale on Approval and Sale or Return. ’ ’ Among them, it is provided that in a “ Sale on Approval” (delivery for prospective use rather than resale) the risk of loss is the seller’s “ until acceptance.” The section is silent concerning the risk of loss in a “ sale or return ” (except for loss in the process of return). It would thus appear that the intent of the statute is to impose the same risk of loss rule in sale or return situations as in other sales.
The code provides in part:
‘ ‘ § 2-509. Risk of Loss in the Absence of Breach.
“ (1) Where the contract requires or authorizes the seller to ship the goods by carrier
“ (a) if it does not require him to deliver them at a particular destination, the risk of loss passes to the buyer when the goods are duly delivered to the carrier even though the shipment is under reservation (Section 2-505).”
It thus appears to be the intent of the statute to shift the risk of loss to the purchaser when the seller has done all which is required of him under the contract (cf. N. Y. Annotations under Uniform Commercial Code, § 2-509; Uniform Commercial Code, § 2-319). The jury found that the rings conformed to the order and that delivery, as called for by the contract, was to be made to Silver Bell’s carrier and not to Silver Bell. Upon this delivery, plaintiff’s obligation was discharged and the risk of loss passed to Silver Bell.
Silver Bell, however, cross-claims against the defendant carrier, SS & K, and indeed, as between them, there is little doubt that SS & K, whose negligence caused the loss, should bear its *729 consequences. SS & K, however again raises the defense of limitation of liability.
SS & K and Silver Bell stood in the relation of carrier to customer for 12 years, having had numerous transactions between them every week during this period. In each case, SS & K called to Silver Bell’s attention, by its receipt, the $200 limitation of liability, and Silver Bell’s president acknowledged that at all times material to this litigation he was aware of this attempt by SS & K to limit its liability. On this statement of facts, the jury was justified in finding that ‘ ‘ Silver Bell, in directing that delivery of the items be made through SS & K (assented) to SS & K’s $200 limitation of liability.” And although I refused to allow proof of a trade usage (Uniform Commercial Code, § 1-205, subd. [2]) to establish a limitation of liability between SS & K and plaintiff, it was perfectly proper for the jury, in adjudicating the cross complaint between the defendants, to consider a 12-year course of dealing between these defendants and read their unrelieved practice of limiting liability into this contract between them (Uniform Commercial Code, § 1-205, subd. [1] ; § 2-208 ; Greenwald v. Barrett, 199 N. Y. 170). This result is no different than it would have been had SS & K lost Silver Bell’s jewelry.
In the usual course of a sale or return transaction, it is the buyer’s obligation to pay the price quoted or return the merchandise. Had Silver Bell retained the rings, it would have been obligated to pay the plaintiff’s selling price. But liability was not occasioned by a sale or other retention of the merchandise. It was imposed on Silver Bell by the bailee’s neglect and damages should, therefore be assessed as in any breach of bailment: the replacement value to plaintiff. This was found by the jury to be $3,700.85.
Judgment may be entered in favor of the plaintiff against defendant, Silver Bell, in the sum of $3,700.85 and against defendant SS & K in the sum of $200, both with interest from September 12,1969. On Silver Bell’s cross claim, judgment may be entered in its favor against SS & K for $200 and interest from September 12,1969.
It is conceivable that SS & K may be required to pay as much as $400 in this action and that is in keeping with this decision. Its obligations to the other parties are separate and distinct and each limitation of liability was by a separate contract. SS & K’s cross claim against Silver Bell is dismissed.