Rockingham
No. 6471

HAROLD KLEIN & CO., INC.

v.

MARIO LOPARDO D.B.A. LOPARDO JEWELERS

July 31, 1973

*Devine, Millimet, Stahl & Branch* and *Richard E. Galway, Jr.* *(Mr. Galway* orally) for the plaintiff.

*Scammon, Gage & Whitman (Mr. Robert G. Whitman* orally) for the defendant.

Duncan, J. The plaintiff, a wholesale jeweler, seeks to recover from the defendant, a retail jeweler, the wholesale price of two diamonds which were sent to the defendant and never returned. The trial in the superior court resulted in a verdict for the defendant. The plaintiff excepted to the denial of its motions for summary judgment and to set aside the verdict. The questions of law raised by those exceptions were reserved and transferred to this court by *Morris*, J.

There was evidence that the parties had a long standing business relationship whereby plaintiff would deliver jewels to defendant who would, in turn, sell the jewels to retail customers and pay plaintiff the agreed price. If unable to sell the jewels, defendant would return them to plaintiff. This was a commercial transaction, governed by the Uniform Commercial Code (RSA ch. 382-A), rather than by common-law principles of bailment, as suggested by the defendant. *Cf. Chase v. Boody*, 55 N.H. 574 (1875). Under the Code the transaction was a "sale or return" as therein defined. RSA 382-A:2-326 (Supp. 1972). Approximately 10 days after defendant received the diamonds in November 1968, they were stolen from his jewelry store in Exeter. The primary issue before the trial court was whether plaintiff or defendant should bear the loss resulting from the theft.

RSA 382-A:2-327 (2) provides that "[u]nder a sale or return, unless otherwise agreed ... (b) the return is at the buyer's risk and expense." Plaintiff contends that the effect of this subsection is to place the risk of loss upon the buyer once the goods are delivered to him. We think this result is consistent with the intent of the U.C.C. draftsmen (RSA 382-A:2-327, Uniform Law Comment 3), and with the general rule allocating risk of loss between parties. RSA 382-A:2-509 (3); *see Sternheim v. Silver Bell of Roslyn, Inc.,* 66 Misc. 2d 726, 321 N.Y.S.2d 965, 9 U.C.C. Rep. 465 (1971); 2 W. Hawkland, A Transactional Guide to the Uniform Commercial Code 752 (1964). When the buyer fails to pay the price as it becomes due, the seller may recover the price of conforming goods lost or damaged within a commercially reasonable time

after risk of their loss has passed to the buyer. RSA 382-A:2-709 (1) (a); *see* RSA 382-A:2-606. The plaintiff thus is entitled to the contract price of the two diamonds.

A memorandum from plaintiff which accompanied the shipment of these two diamonds was introduced at the trial. The memorandum provided that the jewels were delivered at the defendant's risk from all hazards regardless of negligence, that title to the jewels would remain in the plaintiff, and that defendant should have no power to sell the jewels without plaintiff's approval. Whether the terms of this memorandum were accepted by defendant, or otherwise became the final written expression of the parties' agreement, we need not decide. If the memorandum was binding on the defendant, it specifically and unambiguously allocated the risk of loss to the defendant. If it was not binding upon him, he was liable under the Uniform Commercial Code.

*Plaintiff's exceptions sustained; remanded.*

All concurred.